Slip Op. 06-169

# UNITED STATES COURT OF INTERNATIONAL TRADE

_____
FORMER EMPLOYEES OF ELECTRONIC   :
DATA SYSTEMS CORP.,   :
  :
           Plaintiffs,   :     **Court No.  03-00373**
  :     **Before: Barzilay, Judge**
      v.   :
  :
UNITED STATES SECRETARY OF LABOR, :
  :
           Defendant.   :
_____ :


## MEMORANDUM ORDER

[Plaintiffs' application for attorney fees and other expenses pursuant to the Equal Access to Justice Act is denied.]

Decided: November 16, 2006


*Yormick & Associates Co.*, L.P.A. (*Jon P. Yormick*) for Plaintiffs.

*Peter D. Keisler*, Assistant Attorney General; *David M. Cohen*, Director; (*Patricia M. McCarthy*), Assistant Director; (*Michael D. Panzera*), Trial Attorney, United States Department of Justice, Civil Division, Commercial Litigation Branch; *Stephen Jones*, Office of the Solicitor, United States Department of Labor, of counsel, for Defendant.


      **BARZILAY, Judge:** The issue in this case is whether Plaintiffs, Former Employees of Electronic Data Systems Corporation, qualify for attorney fees and other expenses pursuant to the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412. To be eligible for attorney fees under the Act, a plaintiff must be a "prevailing party." *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & H.R.*, 532 U.S. 598, 603 (2001) ("*Buckhannon*"); *see also Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). Plaintiffs applied for attorney fees

following this court's affirmation of the Department of Labor's ("Labor") remand determination, which certified them as eligible for TAA. *See Former Employees of Elec. Data Sys. Corp. v. U.S. Sec'y of Labor*, 30 CIT __, __, 427 F. Supp. 2d 1359, 1360 (2006) ("*EDS III*"); *see also Electronic Data Systems Corporation, I Solutions Center, Fairborn, Ohio; Notice of Revised Determination on Remand,* 71 Fed. Reg. 18,355-02, 18,357 (Dep't Labor Apr. 11, 2006) ("*Revised Determination on Remand*"). Since Plaintiffs do not qualify as "prevailing parties," they cannot recover attorney fees and other expenses.

## I. Procedural History

On February 5, 2003, Labor denied Plaintiffs' petition for TAA benefits because the facilities where Plaintiffs worked did not produce "articles" under Section 222 of the Trade Act of 1974, 19 U.S.C. § 2272(a) (2000). *See Notice of Determinations Regarding Eligibility to Apply for Worker Adjustment Assistance and NAFTA Transitional Adjustment Assistance*, 67 Fed. Reg. 64,922-01 (Dep't Labor Oct. 22, 2002); *see also Notice of Determinations Regarding Eligibility to Apply for Worker Adjustment Assistance and NAFTA Transitional Adjustment Assistance,* 68 Fed. Reg. 6210-01, 6211 (Dep't Labor Feb. 6, 2003). Specifically, Labor determined that Plaintiffs' production and distribution of software (an intangible good) through a non-physical medium amounted to a service, not an "article." *See Electronic Data Systems Corporation, I Solutions Center, Fairborn, OH; Notice of Negative Determination Regarding Application for Reconsideration,* 68 Fed. Reg. 20,180-01 (Dep't Labor Apr. 24, 2003).

After Labor's denial, Plaintiffs sought review in this Court. On December 1, 2004, the court remanded the case to Labor to further explain its rationale for denying Plaintiffs TAA benefits. *See Former Employees of Elec. Data Sys. Corp. v. U.S. Sec'y of Labor*, 28 CIT __, __,

350 F. Supp. 2d 1282, 1293 (2004) ("*EDS I*"). Labor conducted an investigation into the nature of EDS' work and again concluded that Plaintiffs did not produce "articles." *See Electronic Data Systems Corporation, I Solutions Center, Fairborn, OH, Notice of Negative Determination on Remand,* 70 Fed. Reg. 6730-01, 6732 (Dep't Labor Feb. 8, 2005). Upon review of Labor's negative determination, the court remanded the case again and instructed Labor to further investigate the nature of EDS' work and "provide a reasoned explanation . . . why software not sold to the client on a physical medium . . . is not an article." *See Former Employees of Elec. Data Sys. Corp. v. U.S. Sec'y of Labor*, 29 CIT __, __, 408 F. Supp. 2d 1338, 1347-48 (2005) ("*EDS II*").

During the second remand, Labor changed its policy to reflect a ruling in a separate TAA case before this Court, which held that "Labor's determination that software code must be tangible to be an article under the Trade Act is not in accordance with law." *Former Employees of Computer Scis. Corp. v. U.S. Sec'y of Labor*, 30 CIT __, __, 414 F. Supp. 2d 1334, 1343 (2006) ("*Computer Science*"). Labor's new policy treated software and other intangible goods not embodied in a physical medium as "articles," regardless of their method of transfer. *See Revised Determination on Remand,* 71 Fed. Reg. at 18,356. Consequently, Labor certified Plaintiffs as eligible for TAA benefits, *id.* at 18,357, and the court affirmed this determination. *See EDS III*, 427 F. Supp. 2d at 1360.

Within thirty days of that judgment, Plaintiffs filed this application for attorney fees under the EAJA. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2412.

## II. Standard of Review

The Equal Access to Justice Act mandates that

a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, the court must award attorney fees under the Act if the moving party satisfies four criteria: "(i) the claimant [must be] a 'prevailing party'; (ii) the government's position [must] not [have been] substantially justified; (iii) no 'special circumstances [must] make an award unjust'; and (iv) the fee application [must be] timely submitted and supported by an itemized statement." *Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed. Cir. 2003) (quoting 28 U.S.C. § 2412(d)(1)(A)-(B)). If the movant cannot satisfy each criterion, its application must fail.

## III. Discussion

### A. "Prevailing Parties" Under the EAJA

To qualify as a "prevailing party" for the purpose of collecting attorney fees under the EAJA, the Supreme Court requires a moving party to have either "received a judgment on the merits, or obtained a court-ordered consent decree." *Buckhannon*, 532 U.S. at 605 (internal citation omitted). The Court expressly rejected the "catalyst theory" of recovery, which allows a plaintiff to prevail when the defendant voluntarily initiates a change in conduct. In other words, the Court was concerned that a plaintiff could prevail "where there is no judicially sanctioned change in the legal relationship of the parties." *Id*. The Court wanted to preclude the possibility that a "plaintiff could recover attorney's fees if it established that the 'complaint had sufficient

merit to withstand a motion to dismiss for lack of jurisdiction or failure to state a claim on which relief may be granted.'" *Id*. (citation omitted). Permitting a plaintiff to prevail under the "catalyst theory" would therefore encourage favorable EAJA judgments on claims with insufficient legal merit. *Id*.

Accordingly, there must be some form of judicial action that arises from the merits of the case at bar and compels a defendant to change its conduct toward the plaintiff. Intervening events that change the law during judicial proceedings do not amount to a judgment on the merits. *See id.* at 600-02; *see also Former Employees of IBM Corp., Global Servs. Div. v. U.S. Sec'y of Labor*, 30 CIT __, Slip Op. 06-146 (Oct. 3, 2006) (not reported in Fed. Supp.). In *Buckhannon*, a statute enacted during a court proceeding which changed the applicable law and granted plaintiffs their desired relief was insufficient to bestow "prevailing party" status. *See Buckhannon*, 532 U.S. at 600-02. The Court explained that "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id*. at 605.

These principles also apply to administrative proceedings. When a court retains jurisdiction over a remand proceeding, and the plaintiff's status as a "prevailing party" depends on the "successful completion of the remand proceeding before the [agency,] . . . . [the proceeding] should be considered part and parcel of the [judicial] action for which fees may be awarded." *Sullivan v. Hudson*, 490 U.S. 877, 887-88 (1989). However, in cases "where [the] administrative proceedings are intimately tied to the resolution of the judicial action," a court ordered remand, in itself, does not impart "prevailing party" status to a plaintiff. *Id*. at 888; *see Former Employees of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1366 (Fed. Cir.

2003) ("*Motorola*").  To attain "prevailing party" status on remand requires the following:

> When there is a remand to the agency which remand grants relief on the merits sought by the plaintiff, and the trial court does not retain jurisdiction, the securing of the remand order is itself success on the merits. When there is such a remand, and the trial court retains jurisdiction, the claimant is a prevailing party only if it succeeds before the agency.

*Motorola*, 336 F.3d at 1366.

**B. Plaintiffs Are Not "Prevailing Parties" Under *Buckhannon***

In this case, the court retained jurisdiction during both remand proceedings.  *See EDS II*, 408 F. Supp. 2d at 1347-48; *EDS I*, 350 F. Supp. 2d at 1293.  Plaintiffs, however, did not prevail before Labor due to any action or event in the litigation it instituted.  Although Plaintiffs ultimately received TAA benefits, the determination of whether to treat the production of software transferred through a non-physical medium as an "article" did not stem from an evaluation of their claims.  Instead, Labor altered its position because of a legal ruling contrary to their existing policy.  *See Computer Science*, 414 F. Supp. 2d at 1343.  The *Computer Science* decision constituted an intervening event that prompted Labor to voluntarily update its policy. Since the Supreme Court rejected the "catalyst theory" of recovery, Plaintiffs do not qualify as "prevailing parties."  *See Buckhannon*, 532 U.S. at 605; *see also Perez-Arellano*, 279 F.3d at 795.

Moreover, this court's affirmation of Labor's determination merely ended the remand proceedings.  *See EDS III*, 427 F. Supp. 2d at 1360.  Without a judgment in favor of Plaintiffs based on the merits of their claim, the judicial affirmation "lacks the necessary judicial

*imprimatur*." *Buckhannon*, 532 U.S. at 605. Because Plaintiffs cannot achieve "prevailing party" status under *Buckhannon*, their claim for attorney fees fails. Plaintiffs' motion is denied.


November 16, 2006                                                  /s/ Judith M. Barzilay
Dated:_____          _____
New York, NY                                              Judith M. Barzilay, Judge