[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2006
THOMAS K. KAHN
CLERK

No. 05-14047

D. C. Docket No. 04-21656 CV-ASG

MIRTA MORILLO-CEDRON,
MIREYA OLMO-FERRER, et al.,

Plaintiffs-Appellees,

versus

DISTRICT DIRECTOR FOR THE U.S. CITIZENSHIP
AND IMMIGRATION SERVICES, Jack Bulger, Miami, Florida,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(June 21, 2006)**

Before DUBINA, KRAVITCH and JOHN R. GIBSON*, Circuit Judges.

_____

*Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by
designation.

DUBINA, Circuit Judge:

Appellant, the District Director for the United States Citizenship and Immigration Services ("Government" or "District Director"), appeals the district court's order awarding attorney's fees and expenses to appellees Mirta Morillo-Cedron, Mireya Olmo-Ferrer, Heather Orta-Olmo, Efrain Orta-Olmo, and Hillary Orta-Olmo ("plaintiffs"), under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and costs under 28 U.S.C. § 2412(a). For the reasons that follow, we reverse the district court's order.

## I. BACKGROUND

The Administrative Appeals Office ("AAO") ordered the District Director to act pursuant to AAO rulings regarding the plaintiffs who were applicants for lawful permanent residency. When time passed without any action by the District Director, plaintiffs filed suit in federal district court for mandamus relief. The plaintiffs also sought costs under 28 U.S.C. § 2412(a), and attorney's fees and expenses under the EAJA, 28 U.S.C. § 2412(d). The district court exercised jurisdiction over the underlying action pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act. The district court issued a show cause order why the mandamus relief requested should not be granted. Subsequently, the Government voluntarily granted lawful permanent resident

2

status to the adjusted plaintiffs,[1] and it scheduled interviews with the non-adjusted plaintiffs.[2] The district court held a hearing and subsequently issued an interim order requiring the Government to proceed on the plaintiffs' voluntary adjustment status.

The district court then issued an order denying the request for mandamus relief and granting the Government's motion to dismiss the complaint as moot. The district court, however, found that the adjusted plaintiffs were entitled to an award of costs and attorney's fees. In so doing, the district court determined that the plaintiffs' lawsuit was the "catalyst" which caused the Government to process their applications. On that basis, the district court concluded that the plaintiffs were prevailing parties entitled to an award of costs and attorney's fees.

Plaintiffs filed an application for EAJA fees seeking $9,888 in costs, attorney's fees and expenses. The Government filed a motion for reconsideration of the district court's award in light of *Buckhannon Bd. & Care Home Inc., v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 121 S. Ct. 1835 (2001), which rejected the "catalyst theory." Specifically, the Government argued that because it

---

[1]The district court referred to Mirta Morillo-Cedron, Mireya Olmo-Ferrer and her dependents Heather Orta-Olmo, Efrain Orta-Olmo, and Hillary Orta-Olmo as "Adjusted Plaintiffs."

[2]The district court referred to Martha Morillo de Rivero, along with her children Pedro Luis Rivero-Maldonado, Martha Carolina Rivero-Morillo and Pedro Enrique Rivero-Morillo as the "Non-Adjusted Plaintiffs."

had voluntarily acted on the plaintiffs' application for adjustment of status before any final order requiring it to do so was entered by the court, the plaintiffs were not prevailing parties after *Buckhannon*. The district court denied the Government's motion, concluding that *Buckhannon* did not apply to EAJA cases. Thus, the district court assigned the fees and costs matter to a magistrate judge, who recommended an award of $7,506.15 in attorney's fees and $200.00 in costs, for a total award of $7,706.15. The district court adopted the magistrate judge's recommendation and entered an order determining this specific amount of attorney's fees and costs. The Government then perfected this appeal.

## II. ISSUE

Whether the district court erred in concluding that *Buckhannon* did not apply to the EAJA, and therefore, erred in finding that the plaintiffs were entitled to an award of costs and attorney's fees under the "catalyst theory."

## III. STANDARD OF REVIEW

"The proper standard for an award of attorney's fees is a question of law that we review *de novo*." *Smalbein v. City of Daytona Beach.*, 353 F.3d 901, 904 (11th Cir. 2003).

## IV. ANALYSIS

A. *Timeliness of appeal*

4

As an initial matter, the plaintiffs contend that the Government's appeal was untimely because it was not filed within 60 days after entry of the judgment. Specifically, plaintiffs argue that the Government should have filed its appeal within 60 days of the district court's order denying the Government's motion for reconsideration of its order granting attorney's fees. The district court entered its order on November 22, 2004, and the Government did not file its appeal until July 20, 2005. Accordingly, plaintiffs argue that the appeal is untimely, and we should not entertain it.

In response, the Government contends that its appeal was timely because it was filed 60 days after the district court's order setting forth the amount of attorney's fees and costs to be awarded to the plaintiffs. We agree with the Government. Although the district court ruled on September 14, 2004, that the plaintiffs were entitled to an award of attorney's fees and costs, and then denied the Government's motion for reconsideration on November 22, the district court did not adjudge the specific amount of the award until May 26, 2005. Where "[t]he amount of the fee award has not been determined," a district court order granting attorney's fees "is not final." *Hibiscus Assocs. Ltd. v. Bd. of Trs. of Policemen and Firemen Ret. Sys. of Detroit*, 50 F.3d 908, 921-22 (11th Cir. 1995); *see also Andrews v. Employees' Ret. Plan of First Ala. Bancshares, Inc.*, 938 F.2d

5

1245, 1247 (11th Cir. 1991) ("[A]n order holding a party liable for attorney's fees, absent determination of the amount of such fees, is not final and appealable."). Because the district court did not make a determination of the specific amount of fees in the September 2004 order, that order was not final and appealable. Rather, we conclude that the order became appealable when the district court adjudged the amount of the fee award on May 26, 2005. Therefore, we hold that the Government's notice of appeal, filed 55 days later, was timely. *See* Fed. R. App. P. 4(a)(1)(B).

B. *Prevailing party status*

The crux of this appeal is whether *Buckhannon* applies to the EAJA. The Government contends that is does; the plaintiffs contend that it does not, and, even if it does, the district court appropriately granted costs and attorney's fees in this case because it determined that the Government acted unreasonably and unjustifiably when it did not process the plaintiffs' applications as required.

The plaintiffs seek costs under 28 U.S.C. § 2412(a), and attorney's fees under the EAJA, 28 U.S.C. § 2412(d). Subsection (a)(1) of the statute provides that:

> Except as otherwise specifically provided by statute, a judgment for costs, . . . but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or

6

against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

Section 2412(d)(1)(A) of the statute provides that:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The meaning of "prevailing party" decides the issue in this case.

In *Buckhannon*, the Supreme Court noted that the term "prevailing party" is a legal term of art. 532 U.S. at 603, 121 S. Ct. at 1839. Black's Law Dictionary 1145 (7th ed. 1999) defines "prevailing party" as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." The Court explained that a "prevailing party" is one who has been awarded some relief by the court; i.e., some court-ordered change in the legal relationship between the plaintiff and the defendant. 532 U.S. at 604, 121 S. Ct. at 1840; *see also* *Smalbein*, 353 F.3d at 904. In so deciding, the Court rejected the "catalyst theory" because it permits an award where there is no judicially sanctioned change in the legal relationship of the parties. *Buckhannon*, 532 U.S. at 605, 121 S. Ct. at 1840. The "catalyst theory" grants prevailing party status to a plaintiff "if it achieves the

7

desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Id.* at 601, 121 S. Ct. at 1838. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* at 605, 121 S. Ct. at 1840. The Court concluded that its precedents "counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties." *Id.*

In reviewing the record, we observe that the district court did not apply *Buckhannon* to the present case because it decided that since the Supreme Court in *Buckhannon* only addressed the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA"), its holding and reasoning did not apply to the EAJA. Even though we agree with the district court that *Buckhannon* involved different statutes, the Supreme Court clearly rejected the use of the "catalyst theory," which the district court employed in this case. Moreover, the Court's express rule of decision sweeps more broadly, and its reasoning is persuasively applicable to an award of attorney's fees under the EAJA. The Court explicitly referred to numerous federal statutes that permit courts to award attorney's fees and costs to the prevailing party and noted that it has consistently interpreted nearly identical fee-shifting provisions of other statutes. Moreover, the Court

referenced the complex fee-shifting provision in the EAJA by citing to the appendix in *Marek v. Chesny*, 473 U.S. 1, 49, 105 S. Ct. 3012, 3037 (1985), which lists over 100 federal fee-shifting statutes. *Buckhannon*, 532 U.S. at 603, 121 S. Ct. at 1839. In a footnote immediately following the reference to the *Marek* appendix, the Court stated: "We have interpreted these fee-shifting provisions consistently, and so approach the nearly identical provisions at issue here." *Id.* at 603 n.4, 121 S. Ct. at 1839 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 103 S. Ct. 1933, 1939 (1983)). Read in its entirety, we are persuaded that *Buckhannon* did not expressly limit its interpretation of "prevailing party" to the FHA and the ADA.

Moreover, all courts of appeals that have addressed the issue of whether *Buckhannon* applies to the fee-shifting provisions of the EAJA have held that it does. *See, Goldstein v. Moatz*, 445 F.3d 747, 752 (4th Cir. 2006); *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006); *Thomas v. Nat'l Sci. Found.,* 330 F.3d 486, 492 n.1 (D.C. Cir. 2003); *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371, 1379 (Fed. Cir. 2002), *cert. denied*, 537 U.S. 1106, 123 S. Ct. 871 (2003); *Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002). Thus, we conclude that there is no basis for distinguishing the term "prevailing party" in the EAJA from other fee-shifting statutes. Indeed, the term "prevailing

party" was intended to have the same meaning and interpretation in the EAJA as in other fee-shifting statutes. *See, e.g., Ratzlaf v. United States*, 510 U.S. 135, 143, 114 S. Ct. 655, 660 (1994) ("A term appearing in several places in a statutory text is generally read the same way each time it appears."). Therefore, we hold the plaintiffs here are not "prevailing parties." The record demonstrates that they did not litigate to judgment the District Director's failure to abide by the AAO rules and process their applications. In other words, the plaintiffs did not obtain a court-ordered change in the legal relationship between them and the Government; they did not obtain relief on the merits of their claim. The Government voluntarily processed their applications and conducted interviews before the district court entered any final judgment. Moreover, the district court granted the Government's motion to dismiss because the case was moot. Accordingly, because we hold that the district court erred in granting the plaintiffs' motion for attorney's fees and costs under the EAJA, we reverse its order and remand this case for further proceedings consistent with this opinion.[3]

REVERSED and REMANDED.

---

[3]The plaintiffs also argued in this appeal that even if *Buckhannon* applies to the EAJA, the district court's order on the motion to dismiss acted as an adjudication on the merits, thus satisfying *Buckhannon*. Further, the plaintiffs argued that the Government acted unreasonably and unjustifiably, thereby allowing fees and costs under the EAJA. We reject these arguments as meritless.