**07-1615-cv**
**Ma v. Chertoff**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

———————

August Term, 2008

(Argued: Oct. 24, 2008)                                        Decided: November 4, 2008)

Docket No. 07-1615-cv

———————

ZHAOXI MA,

*Plaintiff-Appellant*,

−v.−

MICHAEL CHERTOFF, as Secretary of the United States Department of Homeland Security,
EMILIO T. GONZALEZ, as Director of the United States Citizenship and Immigration Service,
DENIS RIORDAN, as Director of CIS Connecticut Office,

*Defendant-Appellees*.

———————

Before:
            Wesley and Hall, *Circuit Judges*, and Oberdorfer, *District Judge*.[*]

        Appeal from an order of the United States District Court for the District of Connecticut
(Kravitz, J.), entered on March 20, 2007, denying appellant's application for attorney's fees and
costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

        AFFIRMED.

———————

_____

        [*] The Honorable Louis F. Oberdorfer, United States District Court for the District of
Columbia, sitting by designation.

JASON A. NIELSON, Law Offices of Joe Zhenghong Zhou & Associates PLLC, Flushing, New York, *for Plaintiff-Appellant*.

SANDRA S. GLOVER, Assistant United States Attorney (Victoria S. Shin, Assistant United States Attorney, on the brief), *for* Kevin J. O'Connor, United States Attorney for the District of Connecticut, New Haven, Connecticut, *for Defendant-Appellees*.

_____

PER CURIAM:

Appellant, Zhaoxi Ma, appeals from a March 20, 2007 order of the United States District Court for the District of Connecticut (Kravitz, J.), denying his application for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). We find that Ma is not a "prevailing party" within the meaning of the EAJA and thus affirm the judgment of the district court.

**Background**

Ma, a native and citizen of China, filed the underlying suit in this action on October 19, 2006, seeking a declaratory judgment and mandamus to compel the Defendants to adjust Ma's status to that of a lawful permanent resident, claiming that United States Citizenship and Immigration Services ("CIS") erroneously denied his application for permanent resident status. On December 15, 2006, Defendants filed their response to the court's order to show cause, reporting that on December 11, 2006, CIS had adjusted Ma's status to that of lawful permanent resident in accordance with his request, had provided him with a temporary green card until his permanent card was processed, and that Ma had already filed adjustment applications for his family as derivative beneficiaries of his lawful permanent resident status.

After receipt of the Response, the court held an on-the-record phone conference with the

parties, during which Ma's counsel did not contest any of the representations of Defendants. Accordingly, on January 31, 2007, the district court dismissed the case as moot based upon the uncontested representations of Defendants. Thereafter, on February 9, 2007, Ma timely filed a Motion for Attorney's Fees and Costs Pursuant to the EAJA. The district court rejected Ma's claim for fees, finding (1) that the Supreme Court's decision in *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001) applied to the EAJA, thus providing the controlling definition of "prevailing party;" and (2) that Ma was not a "prevailing party" within the meaning of that term as it is used in EAJA. This appeal followed.

**Discussion**

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . ." 28 U.S.C. 2412(d)(1)(A). Thus, a threshold requirement for a party seeking fees is to establish that he is a "prevailing party" within the Act's definition. *See, e.g.*, *Pres. Coal. v. Fed. Transit Admin.*, 356 F.3d 444, 450 n.2 (2d Cir. 2005).

In *Buckhannon*, the United States Supreme Court held that a party who has achieved the desired result because his lawsuit brought about a voluntary change in the defendant's conduct, but who failed to secure a judgment on the merits, is not a "prevailing party" under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3601 *et seq.. Buckhannon*, 532 U.S. at 601, 605. While *Buckhannon* arose in the context of the FHAA and ADA, this Court has recognized that its

definition of "prevailing party" extends well beyond those two statutes. *See, e.g.*, *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 102 (2d Cir. 2006) (requests for costs under Rule 54 of the Federal Rules of Civil Procedure); *Pres. Coal. v. Fed. Transit Admin.*, 356 F.3d 444, 452 (2d Cir. 2004) (National Historic Preservation Act); *Union of Needletrades v. Immigration & Naturalization Serv. ("UNITE")*, 336 F.3d 200, 205 (2d Cir. 2003) (Freedom of Information Act); *J.C. v. Reg'l School Dist.*, 278 F.3d 119, 123, 125 (2d Cir. 2002) (Individuals with Disabilities Education Act and Rehabilitation Act of 1973); *N.Y. Fed'n of Taxi Drivers v. Westchester County Taxi & Limousine Comm'n*, 272 F.3d 154, 158-59 (2d Cir. 2001) (fees in constitutional claims under 42 U.S.C. § 1988). Further, we find nothing in the language or structure of the EAJA to indicate that the term "prevailing party" should bear a different meaning than it has been given in other, similar contexts. Therefore, we join all of the Circuit Courts to have considered this issue and hold that *Buckhannon*'s definition of "prevailing party" applies to fee requests under the EAJA. *See, e.g.*, *Goldstein v. Moatz*, 445 F.3d 747, 752 (4th Cir. 2006); *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006); *Morillo-Cedron v. U.S. Citizenship & Immigration Serv.*, 452 F.3d 1254, 1257-58 (11th Cir. 2006); *Scherer v. United States*, 88 Fed. App'x 316, 320 (10th Cir. 2004); *Thomas v. Nat'l Sci. Found.*, 330 F.3d 486, 492 n.1 (D.C. Cir. 2003); *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371, 1379-81 (Fed. Cir. 2002); *Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002).

Under *Buckhannon*, to be considered a prevailing party, a plaintiff "must not only achieve some material alteration of the legal relationship of the parties, but the change must also be judicially sanctioned." *Roberson v. Giuliani*, 346 F.3d 75, 79 (2d Cir. 2003) (quoting *N.Y. State Fed'n of Taxi Drivers, Inc. v. Westchester County Taxi & Limousine Comm'n*, 272 F.3d 154, 158

(2d Cir. 2001) (internal quotation marks omitted); *Buckhannon*, 532 U.S. at 604. In this case, the Defendants voluntarily gave Ma the relief he sought. Indeed, after the Defendants' actions, the district court dismissed Ma's complaint as moot and entered no order on his behalf. Thus, Ma clearly does not fit the definition of a "prevailing party" as set out in *Buckhannon*, and is therefore ineligible for an award of attorneys fees and costs under the EAJA.

## Conclusion

The district court's order of March 20, 2007, denying appellant's application for attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), is hereby AFFIRMED.