**Jeff DORIA, Infinity Financial Partners, Inc., and Century Trading Group, LLC, Plaintiffs,**

v.

**CLASS ACTION SERVICES, LLC, Cypress Financial Research, LLC, Mark Zinn, Mark Donaldson, Jonathan Wade, Jeff Goshay, Roxanne Zinn, and Robert Zinn, Defendants.**

No. 08–80512–CIV.

United States District Court, S.D. Florida.

Aug. 17, 2009.

David Jon Feingold, Feingold & Kam, Palm Beach Gardens, FL, for Plaintiffs.

Dorothy Patricia Wallace, Walter John Mathews, Walter J. Mathews, P.A., Fort Lauderdale, FL, for Defendants.

*ORDER GRANTING IN PART, DENYING IN PART DEFENDANTS' VERIFIED MOTION FOR ATTORNEYS' FEES & COSTS (DE 107); DENYING MOTION FOR HEARING (DE 108); DENYING PLAINTIFFS' CROSS MOTION (DE 109)*

DONALD M. MIDDLEBROOKS, District Judge.

THIS CAUSE comes before the Court upon Defendants' Verified Motion for Attorneys' Fees & Costs (DE 107) and Defendants' Request for a Hearing on Their Motion for Attorneys' Fees (DE 108), filed on April 3, 2009. Plaintiffs responded in opposition, alternatively moving to strike Defen-

1. 18 U.S.C. §§ 1961–68.

dants' motions for lack of jurisdiction and/or counterclaiming for recovery of their attorneys' fees (DE 109). I have reviewed the filings, the relevant record, and am otherwise advised in the premises. For the reasons stated below, Defendants' motion for fees and costs shall be granted in part, denied in part; their motion for a hearing is denied, and Plaintiffs' cross-claims are denied.

## I. Background

This dispute involved a Wall Street trader and two corporations suing individual defendants, a corporate entity, and a related business entity. Plaintiffs alleged causes of action for violations of the civil RICO statute,[1] common law fraud, breach of contract, an accounting, and declaratory and preliminary injunctive relief. Plaintiffs and Defendants formed business relationships following the stock market downturn and corporate scandals in 2001. Defendant Class Action Services, LLC ("CAS")[2] allegedly recruited investors who had lost substantial amounts of money due to the events of 2001, used the investors' trading records to develop claims of the investors' sustained losses, and then sought reimbursement of the investors' claims through federal government-administered and/or privately-administered class action funds. Plaintiffs contended that Defendants, primarily through CAS, violated the terms of referral agreements that the parties had executed. Plaintiffs further alleged that Defendants, primarily through CAS, submitted claims for amounts much larger than the investors' actual losses and submitted claims after the deadlines (due to inside help), thereby fraudulently receiving excessive amounts of money.

Plaintiffs' initial complaint (DE 1) was dismissed for failure to state a claim for which relief could be granted under RICO and failure to satisfy RICO's proximate cause requirement. Plaintiffs subsequently filed an amended complaint (DE 66), which Defendants moved to dismiss (DE 71). While Defendants' motion to dismiss was under advisement, the parties inundated the Court

2. A corporation managed and owned by some of the named individual defendants.

with myriad documents, comprised of hundreds of pages, primarily relating to discovery issues. Plaintiffs were particularly aggressive, filing non-emergency "emergency" omnibus motions and seeking sanctions. The parties repeatedly were reminded of their Federal and Local Rule obligations to exhibit collegiality and work to resolve discovery issues—particularly routine matters—amongst themselves prior to seeking judicial involvement. *See, e.g.,* DEs 64, 70. Further, they were cautioned that "[h]earings on discovery issues are infrequently granted," and "[p]arties who file unnecessary motions may be ordered to pay opposing parties' costs associated with such motions." DE 70, p. 2. The Court issued a discovery order and a protective order with respect to confidentiality, and, otherwise occupied with several cases and evaluating the merits of the dispositive motion in the instant case, largely declined to get involved in the discovery spats. Defendants' Motion to Dismiss was granted on March 2, 2009 (*see* DE 106). The Court dismissed Plaintiffs' civil RICO claim with Prejudice due to the absence of proximate causation and dismissed the remaining four state law claims without prejudice, declining to exercise supplemental jurisdiction. *See id.* at 16–17. Defendants now seek attorneys' fees and costs pursuant to FED.R.CIV.P. 11 and 54, S.D.FLA. Local Rule 7.3, and 28 U.S.C. § 1927. *See* DE 107.

## II. Legal Standard

▮▮▮ Rule 54 of the Federal Rules of Civil Procedure provides that costs, other than attorney's fees, should be awarded to the prevailing party absent a federal statute, Federal Rule, or court order providing otherwise. *See* FED.RCIV.P. 54(d)(1). There is a strong presumption in favor of awarding costs, *see Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.,* 249 F.3d 1293, 1296 (11th Cir.2001), and a party need not prevail on all issues in order to qualify as a prevailing party and receive costs under Rule 54. *See Head v. Medford,* 62 F.3d 351, 355 (11th Cir.1995) (citations omitted). Once prevailing status is obtained, local rules in this District require the prevailing party to move for costs within thirty days of the underlying judgment. *See* S.D.FLA. L.R. 7.3(A). Costs

may be taxed as authorized by 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Failure to provide supporting document constitutes grounds for denying costs. *See Johnson v. Mortham,* 173 F.R.D. 313 (N.D.Fla.1997).

▮▮▮ Federal Rule of Civil Procedure 11 authorizes a district court to impose a sanction when a party presents a claim that is "not warranted by existing law or by a non frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." *Rogers v. Nacchio,* 241 Fed.Appx.602, 610 (citing FED. R.CIV.P. 11(c), (b)). Stated another way, Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc., v. McGreal,* 87 F.3d 1252, 1254 (11th Cir.1996) (citation omitted). In considering a motion for sanctions pursuant to FED. R.CIV.P. 11, a court conducts a two-step inquiry: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Byrne v. Nezhat,* 261 F.3d 1075, 1105 (11th Cir. 2001) (internal citations and quotation omitted). When filing a pleading in federal court, an attorney certifies that he or she has conducted a reasonable inquiry and that the pleading is well-grounded in fact, legally tenable, and is not presented for any improper purpose. *Id.* (citations omitted). Thus, if, after dismissing a party's claim as baseless, the court finds that the party's attorney failed to conduct a reasonable inquiry into the matter, then the court is obligated to impose sanctions even if the attorney had a good faith belief that the claim was sound. *Id.* at 1105–06. Rule 11 sanctions typically are levied against an attorney, but also may be issued against a party. *See id.* at 1106.

■ A second source of authority for imposition of sanctions is 28 U.S.C. § 1927. Unlike Rule 11, which is aimed primarily at the pleadings, under Section 1927 attorneys are obligated to avoid dilatory tactics throughout the entire litigation. *Byrne*, 261 F.3d at 1106. Also unlike Rule 11, awards pursuant to § 1927 may be imposed only against the offending attorney; clients may not be saddled with such awards. *Id.* (citation omitted). The Eleventh Circuit has held that there are three requirements for an award of sanctions pursuant to § 1927:

> First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

*Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir.2007) (quoting *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir.1997)).

■ An attorney multiplies proceedings "unreasonably and vexatiously" within the meaning of the statute only when the attorney's conduct is so egregious that it is "tantamount to bad faith." *See Amlong & Amlong*, 500 F.3d at 1239 (quoting *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir.1991)). For purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct. *See id.* at 1239. The term "unreasonably" necessarily connotes that the district court must compare the attorney's conduct against the conduct of a "reasonable" attorney and make a judgment about whether the conduct was acceptable according to some objective standard. *Id.* at 1239–40. The term "vexatiously" similarly requires an evaluation of the attorney's objective conduct. *Id.* at 1240 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648

(1978)). At the same time, while objective conduct is the focus of the analysis, the attorney's subjective state of mind is frequently an important piece of the calculus, because a given act is more likely to fall outside the bounds of acceptable conduct and therefore be "unreasonabl[e] and vexatious" if it is done with a malicious purpose or intent. *See Amlong & Amlong*, 500 F.3d at 1240.

■ The Eleventh Circuit expressly has held that negligent conduct, standing alone, will not support a finding of bad faith under § 1927–that is, an attorney's conduct will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney. *See Amlong & Amlong*, 500 F.3d at 1241–42. Thus, an attorney's conduct must be particularly egregious to warrant the imposition of sanctions-the attorney must *knowingly or recklessly* pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim. *Id.* at 1242. If the attorney's misconduct meets this high standard, the district court may order the attorney to pay the "costs, expenses, and attorneys' fees reasonably incurred" because of the attorney's misconduct-that is, the excess costs that the attorney's multiplication of proceedings has added to the cost of the litigation. *Id.* It is with this framework in mind that I analyze the issues at bar.

### III. Discussion

In their motion for attorneys fees and costs (DE 107), Defendants seek an award of fees in the amount of $274,703.50 plus interest, and an award of costs in the amount of $7,150.73 against Plaintiffs and Plaintiffs' counsel.[3] Defendants have provided declarations of counsel, descriptive invoices, an affidavit of expert witness Karen Kammer. In support of their motion, Defendants point to the multiple deficiencies of the initial and amended complaints, the dismissal with prejudice of the RICO claim (which provided the sole basis for this Court's jurisdiction), and the dismissal of the entire suit. *See id.* at 1–

**3.** In their reply (DE 110), Defendants corrected an error in their billing, subtracting $ 140 in fees, but they request additional fees in the amount of $8,470, and costs in the amount of

$127.84 (for Westlaw research), for a total amount of $283,173.50 in fees and $7,278.57 in costs. *See* DE 110.

4. Defendants cite a August 4, 2008, letter written by Walter J. Mathews, counsel of record for Defendants, which "warned Plaintiffs' counsel to dismiss the frivolous RICO claim or face potential sanctions under Rule 11 and 28 U.S.C. § 1927." *Id.* at 2. Defendants assert that Plaintiffs filed seven frivolous motions: five alleging nonexistent discovery abuses, one meritless counterclaim for entry of default, and one meritless counterclaim alleging that Defendants improperly filed a motion to stay. Defendants also contend that Plaintiffs misrepresented that they had conferred with counsel for Defendants, refused to produce discoverable documents, attempted to obtain information outside the scope of discovery, refused to agree to a mediator, and refused to be deposed. *See id.* at 6–8. Defendants argue that, "[g]iven the volume of Plaintiffs' frivolous activity, their failure to pursue or participate in discovery through any means other than motion practice, and their numerous misrepresentations to the Court, sanctions should be imposed against Plaintiffs and their counsel." *Id.* at 2. Defendants further contend that "Plaintiffs knew that Defendant CAS and its members were looking for investors and they and their counsel knew that a pending RICO action would discourage or outright stop investment," "the primary motivation for this lawsuit was to push Defendants to pay Plaintiffs or give them a share of their company," and Plaintiff Doria "apparently wanted to attack Mark Zinn personally and harass him and his family." *Id.* at 9–10.

Responding in opposition (DE 109), Plaintiffs argue that the motion is untimely because: (1) it was filed thirty-one days after the Court's Order dismissing the case; (2) the Court did not retain jurisdiction to rule upon the motion; (3) Plaintiffs filed a "viable, sufficiently plead, [sic] set of allegations with the Court at the very onset of litigation . . ."; (4) Defendants impeded the discovery progress; (5) Plaintiffs never misled the court; (6) the Court only dismissed the civil RICO claim with prejudice, and never stated that the claim was filed in bad faith; (7) Defendants' success was limited in terms of both discovery matters and the dismissal order; and (8) Defendants are not the prevailing party; (9) Defendants never filed a counter-claim to provide a basis for seeking attorneys' fees and costs. *See id.* Finally, Plaintiffs conclude that, if the Court does exercise jurisdiction over this matter, they should be awarded attorneys' fees and costs and Defendants should be sanctioned by the Court.

▇▇ At the outset, I shall easily dispense with Plaintiffs' cross-claim for fees and costs. They failed to comply with the Local Rules; they failed to comply with the Federal Rules; they are not a prevailing party; and there simply is no basis for granting the request. Next, I easily dispense with Plaintiffs' timeliness and jurisdictional arguments. Defendants filed their motion for fees and costs exactly thirty days after the order of dismissal was entered on the docket. *See* DEs 106 & 107. I further find that I have jurisdiction to rule upon Defendants' request, as motions for attorneys' fees and costs are independent proceedings supplemental to the original proceeding. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395–96, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). Further, district courts may enforce Rule 11 even after the case is dismissed, as a district court's jurisdiction is invoked by the filing of the underlying complaint, which "supports consideration of both the merits of the action and the motion for Rule 11 sanctions arising from that filing." *See id.* at 395, 110 S.Ct. 2447.

▇▇▇ Now I shall address the substance of the motion. In the United States, parties are ordinarily required to bear their own attorney's fees-the prevailing party is not entitled to collect from the loser. *Buckhannon Bd. & Care Home, Inc., v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 602, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (citation omitted). Under this American Rule, [courts] follow a general practice of not awarding fees to a prevailing party absent explicit statutory authority. *Id.* (internal quotations and citations omitted). Simultaneously, case law supports shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced. *See Head,* 62 F.3d 351, 354 (citations omitted). A "prevailing party" has been defined as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages award-

ed." *See id.* at 603. The Eleventh Circuit has explained that a "prevailing party" is one who has been awarded some relief by the court; i.e., some court-ordered change in the legal relationship between the plaintiff and the defendant. *See Morillo–Cedron v. District Director for the U.S. Citizenship & Immigration Servs.,* 452 F.3d 1254, 1257 (11th Cir.2006) (discussing *Buckhannon,* 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855) (internal citations omitted). Thus, "by the long established practice and universally recognized rule of the common law ... the prevailing party is entitled to recover a judgment for costs, but the rule has long been that attorney's fees are not ordinarily recoverable." *Buckhannon,* 532 U.S. at 606 n. 8, 121 S.Ct. 1835.

▮▮▮ In the case at bar, Defendants are the "prevailing party" because the civil RICO claim was dismissed with prejudice and the suit was dismissed. The fact that I declined to exercise supplemental jurisdiction over the state law claims does not change the fact that, as far as this federal litigation was concerned, Defendants prevailed. *See Head,* 62 F.3d at 355. Accordingly, they are entitled to reimbursement of their costs under Rule 54(d). The court has limited discretion in awarding costs under Rule 54(d), and is permitted to tax as costs only those expenses enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co.,* 482 U.S. at 441–42, 107 S.Ct. 2494. Absent explicit statutory or contractual authorization, federal courts must adhere to the limitations set forth in Section 1920. *See id.* at 445, 107 S.Ct. 2494. Under 28 U.S.C. § 1920, the following costs may be taxed:

(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are nec-

essarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

▮▮▮ Defendants have not clearly articulated their taxable costs that they may recover under Rule 54(d). Reviewing the submitted documents, it appears that they label a number of items "costs" that, under Section 1920, are not defined as such. Plaintiffs have made blanket objections to Defendants' request but have not challenged specific costs. Accordingly, pursuant to Rule 54(d) and Section 1920, the following costs are recoverable:

(1) $3,607.10 paid to Everest Technologies, LLC (DE 107, Exh. 3, pp. 53–61);[4]

(2) $206.60 paid to United Reporting, Inc. (DE 107, Exh. 4, pp. 62–63);[5] and

(3) $450.00 paid to United Video & Teleconference Center, Inc. (DE 107, Exh. 5, pp. 64–67).[6]

The total amount of taxable costs listed above is $4,263.70. I note that Defendants have requested costs for photocopies, legal research (Westlaw), courier service, PACER fees, criminal background checks, and "miscellaneous" costs. The party seeking costs must not only show that the costs claimed are recoverable, but must also provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court. *Global Patent Holdings, LLC v. Panthers BRHC LLC,* 2009 WL 1809983 *2 (S.D.Fla.2009) (citations omitted). Photocopying is considered a taxable cost pursuant to Section 1920(4) if the copies were "necessarily obtained for use in the case." *See Roberts v. Charter Nat. Life Ins. Co.,* 112 F.R.D. 411, 414 (S.D.Fla.1986). Defendants simply request "photocopies"; this is insuffi-

---

4. Authorized by Section 1920(4) as discovery costs. *See, e.g., Smith v. CA, Inc.,* 2009 WL 536552 (M.D.Fla.2009).

5. Taxation of deposition costs is authorized by Section 1920(2). *See U.S. EEOC v. W & O, Inc.,* 213 F.3d 600, 621 (11th Cir.2000).

6. Taxation of deposition costs is authorized by Section 1920(2). *See U.S. EEOC,* 213 F.3d at 621.

cient detail and documentation to show that they were necessarily obtained for use in this case. General copying, as well as computerized legal research, PACER fees, telecopy (facsimile) fees, fees for in-house and out-sourced photo copies, attorney travel, long distance telephone charges, legal services, and messenger service fees are nonrecoverable. *See Duckworth v. Whisenant,* 97 F.3d 1393, 1399 (11th Cir.1996); *Global Patent Holdings,* 2009 WL 1809983, at *2 (citations omitted).

 I have given much thought and careful consideration to Defendants' request for attorneys' fees and sanctions under Rule 11 and Section § 1927.[7] In the instant litigation, it is clear that Defendants' counsel approached this litigation in a professional manner and made significant efforts to communicate and cooperate with Plaintiffs' counsel.[8] It is equally clear that Plaintiffs' counsel were extremely zealous, annoying, and at times unprofessional. Defendants cite case law in other districts to support the proposition that "[i]mposition of Rule 11 sanctions is especially warranted where Plaintiffs have asserted civil RICO claims that have no basis in fact or law." DE 107, p. 13. I agree with Defendants' contention that civil RICO claims can have a stigmatizing effect upon defendants, particularly in a business context. *See id.* Ultimately, I find the cases proffered by Defendants distinguishable from the circumstances at bar. Here, while finding Plaintiffs' claims flimsy and poorly articulated, and while finding the behavior by Plaintiff Doria Plaintiffs' counsel bellicose and at times unprofessional, I do not find Rule 11 sanctions warranted. Defendants notified Plaintiffs' counsel of their intention to file a motion for Rule 11 sanctions in connection with the initial complaint. Prior to the instant motion, Defendants did not file such a motion with respect either the initial complaint or the amended complaint. It does not appear that Defendants communicated to Plaintiffs' counsel notice of intent to file Rule 11 sanctions regarding the amended complaint. Defendants did not seek sanctions in their motions to dismiss nor in any other motion prior to now. I find that both iterations of the complaint were badly written and Plaintiffs' counsels' conduct was negligent in developing the case, but I am unable to find that the claims were "objectively frivolous" as to warrant the imposition of Rule 11 sanctions. I would strongly urge counsel for Plaintiffs, Mr. David Feingold and Mr. Adam Schloss, to have a much clearer understanding of the facts and issues in future litigation prior to filing suit. Further, I suggest that they make sure that they know how to properly participate in the discovery process, or they may be subject to sanctions.

 Rule 11 sanctions also may be issued against a party, and Defendants urge sanctions against Plaintiff Doria, the alleged "driving force" behind the litigation. However, there is not enough evidence here for the Court to make that determination. While I do not doubt the sincerity of Defendants' beliefs, their conclusory allegations about the motivation behind the litigation is an insufficient basis on which to impose Rule 11 sanctions against any party.

 Finally, regarding sanctions under Section 1927: an exception to the aforementioned "American Rule" of bearing one's own attorneys fees exists where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). Counsel for Plaintiffs' actions gave the Court pause, as they certainly did not exhibit the collegiality or professionalism expected of attorneys in this District. While counsel for Defendants attempted to resolve issues through conversations and letters, Plaintiffs' counsel were prone to filing motions to seek relief. I concur with Defendants that Plaintiffs' counsels' behavior was poor. The Court was tolerant and could, perhaps should, have

---

7. Defendants request attorneys fees paid to Greg D. Medalie. Mr. Medalie states that he was retained by CAS and Cypress Financial, and represented all defendants in connection with this matter. *See* DE 107, Exh. C. However, Mr. Medalie is not listed as counsel of record in this litigation. Even if attorneys' fees were awarded to Defendants, his fees are not recoverable.

8. Interestingly, counsel for Plaintiffs filed motions for discovery sanctions, while counsel for Defendants refrained from doing so.

been more active in spelling out the parameters for proceeding. Counsel for Plaintiffs made errors in time calculations for discovery and filed "emergency" motions that were not emergencies, and were less than collegial toward counsel for Defendants. I do not condone Plaintiffs' counsels' pugnacious, self-serving behavior, and their zealousness and negligence was moving along the spectrum toward unreasonableness and vexatiousness. However, upon careful consideration of the record of this acrimonious litigation, aware of the particular circumstances in this case, and cognizant of the high standard for an award of sanctions pursuant to Section 1927, I cannot conclude that the conduct of Plaintiffs' counsel are so egregious and in bad faith as to warrant the imposition of Section 1927 sanctions.

I strongly advise counsel for Plaintiffs to review the Federal Rules, Local Rules, and CM/ECF Administrative Procedures as well as the Rules of Professional Conduct if they intend to continue litigating in this District.

## IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) Defendants' Verified Motion for Attorneys' Fees & Costs (DE 107) is **GRANTED IN PART, DENIED IN PART.** Pursuant to Rule 54(d) and 28 U.S.C. § 1920, Defendants are awarded **$4,263.70 in taxable costs,** for which Plaintiffs shall joint and severally be liable;

(2) Defendants' Request for a Hearing on Their Motion for Attorneys' Fees (DE 108) is **DENIED;** and

(3) Plaintiffs' Cross Motion to Strike for Lack of Jurisdiction and/or Cross–Motion for Plaintiffs' Recovery of Attorney's Fees and Costs (DE 109) is **DENIED.**

**DONE AND ORDERED.**