09-2285-cv
Doherty v. Thompson

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges,*
> PAUL A. CROTTY,
> > *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DOSALEEN BERNADETTE DOHERTY,

> *Plaintiff-Appellant,*

> -v.-                                                          No. 09-2285-cv

JOHN THOMPSON, District Director, New Jersey District Office, United States Citizenship and Immigration Services; ALEJANDRO MAYORKAS, Director of the United States Citizenship and Immigration Services; JANET NAPOLITANO, Secretary of the Department of Homeland Security; ERIC HOLDER, Attorney General of the United States; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

> *Defendants-Appellee*s.[**]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

**FOR PLAINTIFF-APPELLANT:**    EAMONN DORNAN, Dornan & Assocs., PLLC, Long Island City, NY.

**FOR DEFENDANTS-APPELLEES:**    CHRISTOPHER CONNOLLY, Assistant United States Attorney (Preet Bharara, United States Attorney, *on the brief*; and Benjamin H. Torrance, Assistant United States Attorney, *of counsel*), United States Attorney's Office for the Southern District of New York, New York, NY.

Appeal from a March 26, 2009, order of the United States District Court for the Southern District of New York (Richard J. Holwell, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiff-Appellant, Rosaleen Bernadette Doherty, seeks review of a District Court order denying her request for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") following the dismissal of her underlying claim, which sought to compel the United States Citizenship and Immigration Services ("CIS") to adjudicate her application for naturalization or, in the alternative, to enter an order naturalizing her pursuant to 8 U.S.C. § 1447(b). The District Court determined that Doherty was not a "prevailing party" under the EAJA as determined by the Supreme Court in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001). *Doherty v. Thompson*, 603 F. Supp. 2d 745, 747-48 (S.D.N.Y. 2009). Doherty brought a timely appeal. We assume the parties' familiarity with the underlying facts and the procedural history.

Whether Doherty is a "prevailing party" under the EAJA is a question of law, which we review *de novo*. *Vacchio v. Ashcroft*, 404 F.3d 663, 672 (2d Cir. 2005). Undertaking that review, we affirm, substantially for the reasons set forth by the District Court in its ruling of March 26, 2008, the denial of attorney's fees pursuant to 28 U.S.C. § 2412. *Doherty*, 603 F. Supp. 2d at 747-48. Specifically, we agree with the District Court that when a plaintiff achieves the result it sought "because the lawsuit brought about a voluntary change in the defendant's conduct," *Buckhannon*, 532 U.S. at 600, it is not a "prevailing party." *See Ma v. Chertoff*, 547 F.3d 342, 344 (2d Cir. 2008). Indeed, we agree with the District Court that, contrary to Doherty's claims, a court order setting the case for trial does not "result[ ] in a change in the legal relationship between the parties sufficient to confer prevailing party status." *Doherty*, 603 F. Supp. 2d at 748. Here, as in *Ma*, "[CIS] voluntarily gave [Doherty] the relief [s]he sought . . . [and] thus, [Doherty] clearly does not

fit the definition of a 'prevailing party' . . . and is therefore ineligible for an award of attorney's fees and costs under the EAJA." *Ma*, 547 F.3d at 344.[1]

## **CONCLUSION**

We have considered each of Doehrty's arguments on appeal and find them to be without merit. For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT
Catherine O'Hagan Wolfe, Clerk

---

[1] Indeed, even if the District Court had remanded the matter for a stipulated resolution following independent action by CIS, *see Bustamante v. Napolitano*, 582 F.3d 403, 404 (2d Cir. 2009), instead of dismissing for want of subject matter jurisdiction under Fed. R. Civ. Pro. 12(h)(3), Doherty would still not be a "prevailing party." *See Pres. Coalition of Erie Cnty. v. Fed. Transit Auth.*, 356 F.3d 444, 451 (2d Cir. 2004). Whether or not the District Court erred with regard to the dismissal of this case is therefore irrelevant to our review of its denial of a request for attorney's fees.

3