23-7225-cv
*Hasou v. Jaddou*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand twenty-four.

PRESENT:
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

---

FRANCO HASOU,

       *Plaintiff-Appellant*,

    v.                                                        23-7225-cv

UR M. JADDOU, DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

       *Defendant-Appellee*,

    v.

ACTING DIRECTOR KEN CUCCINELLI, SECRETARY CHAD WOLF, CHIEF SARAH KENDALL,

       *Defendants*.

---

FOR PLAINTIFF-APPELLANT:          BRAD BANIAS, Banias Law, LLC, Charleston, South Carolina.

FOR DEFENDANT-APPELLEE:          VARUNI NELSON, Assistant United States Attorney (Elliot M. Schachner and Paulina A. Stamatelos, Assistant United States Attorneys, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on August 17, 2023, is **AFFIRMED**.

Plaintiff-Appellant Franco Hasou appeals from the district court's denial of his request for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Hasou brought this action against Defendant-Appellee, the Director of the United States Citizenship and Immigration Services ("USCIS"), seeking to compel adjudication by USCIS on his Form I-526 Petition (the "I-526 Petition"). Following the dismissal of his action as moot, Hasou filed a motion for attorney's fees under the EAJA, which the district court denied. Hasou argues that the district court erred in holding that he was not a "prevailing party" under the EAJA. We disagree. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

**BACKGROUND**

Hasou, a Canadian citizen, filed the I-526 Petition in late December 2018, seeking immigrant investor status under the EB-5 Program, a government program that allocates permanent resident visas to foreign investors who meet certain requirements set forth in 8 U.S.C. § 1153(b)(5). In September 2020, Hasou brought this action seeking a writ of mandamus to compel

immediate adjudication of his I-526 Petition, pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*, based upon alleged unreasonable delay by USCIS in rendering its administrative decision.  In 2021, USCIS filed a motion to dismiss the complaint, but prior to a ruling on that motion, the district court granted the parties' joint motion to stay the action pending congressional reauthorization of the EB-5 Program, which had expired on June 30, 2021.  In April 2022, the parties advised the district court that USCIS had issued guidance that it would resume processing Form I-526 petitions that were filed before June 30, 2021, and the parties agreed that the district court should therefore address USCIS's motion to dismiss.  Following a status conference in June 2022, Hasou filed an amended complaint, and in response, USCIS filed a renewed motion to dismiss the complaint.  While that motion to dismiss was pending, USCIS issued a Request for Evidence ("RFE") to Hasou in relation to its adjudication of the I-526 Petition.  On November 29, 2022, the district court denied USCIS's motion to dismiss the unreasonable delay claim, concluding that Hasou had pled sufficient facts to state a plausible claim for relief.

In January 2023, while the unreasonable delay claim was still pending, Hasou responded to USCIS's RFE.  In February 2023, USCIS granted Hasou's I-526 Petition.  Both parties then agreed that the case was moot, because the USCIS had adjudicated Hasou's I-526 Petition, and the district court accordingly dismissed the case.  Hasou then filed a motion for attorney's fees under the EAJA, which the district court denied, determining that Hasou was not a "prevailing party" within the meaning of the statute.  This appeal followed.

**DISCUSSION**

The EAJA provides that, to award attorney's fees, a court must find (1) that the plaintiff is a "prevailing party," (2) that the defendant's position was not "substantially justified," and (3) that there are no "special circumstances [that] make an award unjust."  *See* 28 U.S.C. § 2412(d)(1)(A).

3

We generally review "a trial court's decision whether to award attorneys' fees to a prevailing party, and in what amount, under an abuse of discretion standard." *Pres. Coal. of Erie Cnty. v. Fed. Transit Admin.*, 356 F.3d 444, 450 (2d Cir. 2004) (citation omitted). However, whether Hasou is a "prevailing party" under the EAJA is a question of law, which we review *de novo*. *Id.*; *accord Mastrio v. Sebelius*, 768 F.3d 116, 120 (2d Cir. 2014). As set forth below, we conclude that the district court correctly found that Hasou was not entitled to attorney's fees because he is not a "prevailing party" within the meaning of the EAJA.

In *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), the Supreme Court clarified the standard for determining if a litigant is a "prevailing party" under fee-shifting statutes, holding that its prior precedents, "taken together, establish that enforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." *Id.* at 604 (internal quotation marks and citation omitted). In doing so, the Court rejected the so-called "catalyst theory" of entitlement to attorney's fees, which "posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Id.* at 601. In rejecting the catalyst theory, the Court explained:

> It allows an award where there is no judicially sanctioned change in the legal relationship of the parties. Even under a limited form of the "catalyst theory," a plaintiff could recover attorney's fees if it established that the complaint had sufficient merit to withstand a motion to dismiss for lack of jurisdiction or failure to state a claim on which relief may be granted. This is not the type of legal merit that our prior decisions, based upon plain language and congressional intent, have found necessary. . . . A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change. Our precedents thus counsel against holding that the term "prevailing party" authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties.

*Id.* at 605 (internal quotation marks and citations omitted).

Although *Buckhannon* related to the fee-shifting provisions in the Americans with Disabilities Act ("ADA") and the Fair Housing Amendments Act ("FHAA"), *see id.* at 601, we have held that the same standard applies to requests under other fee-shifting statutes, such as the EAJA. *See Zhaoxi Ma v. Chertoff*, 547 F.3d 342, 344 (2d Cir. 2008) (per curiam) (compiling cases). Thus, in *Ma*, we explained that "[u]nder *Buckhannon*, to be considered a prevailing party, a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but the change must also be judicially sanctioned." *Id*. at 344 (internal quotation marks and citation omitted). Applying that standard, we concluded that, where the plaintiff filed a lawsuit seeking mandamus to compel USCIS to adjust his status and USCIS responded to an order to show cause by reporting that it had voluntarily adjusted the plaintiff's status in accordance with his request, plaintiff was not a "prevailing party" under the EAJA because the district court "dismissed [plaintiff's] complaint as moot and entered no order on his behalf." *Id.*; *see also DiMartile v. Hochul*, 80 F.4th 443, 452 (2d Cir. 2023) (holding that plaintiff who obtained a preliminary injunction, but whose case was subsequently mooted, was not a prevailing party because, "[e]ven if a district court's order granting a preliminary injunction resulted from a preliminary assessment on the merits, . . . the order is not enough to support an award of attorney's fees if it did not alter the relationship between the parties in a meaningful and enduring way"); *Mastrio*, 768 F.3d at 121 (holding that issuance of a temporary restraining order did not render plaintiff a "prevailing party" under the EAJA because "[a]part from preserving the status quo, the district court's TRO involved no determination on the merits of [plaintiff's] claims").

Here, as in *Ma*, there was no judicially sanctioned change in the legal relationship between the parties. Notwithstanding that Hasou's unreasonable delay claim survived USCIS's motion to

dismiss, USCIS did not grant Hasou's I-526 Petition pursuant to a judicial decision on the merits. Instead, the district court dismissed the petition as moot because USCIS had voluntarily adjudicated (and granted) Hasou's I-526 Petition. Therefore, neither the district court's denial of the motion to dismiss nor its dismissal order after the case became moot materially altered the parties' legal relationship. Even assuming *arguendo* that the denial of the motion to dismiss triggered the USCIS's decision to resolve the action,[1] that alleged motivation does not transform the agency's voluntary act into the requisite judicially sanctioned relief altering the parties' legal relationship that is necessary to obtain "prevailing party" status. *See Ma*, 547 F.3d at 344 (holding no "prevailing party" status even though USCIS acted to resolve the case after the court's issuance of an order to show cause); *see also Doherty v. Thompson*, 603 F. Supp. 2d 745, 748 (S.D.N.Y. 2009) (rejecting attempt to distinguish *Buckhannon* based on assertion that USCIS voluntarily mooted the case because the court scheduled the case for trial), *aff'd*, 414 F. App'x 352 (2d Cir. 2011) (summary order). Accordingly, the district court correctly determined that Hasou's argument that he is a "prevailing party" under the EAJA is foreclosed by *Ma* and *Buckhannon*.

Hasou attempts to distinguish *Buckhannon* and *Ma* by arguing that "USCIS has a pattern and practice of settling delay cases after losing motions to dismiss" and that "[w]here an agency engages in such a practice, the analysis of *Buckhannon* simply does not apply" because "the incentives that the *Buckhannon* decision trusted" to deter "mischievous defendants" are not present. Appellant's Br. at 5–6. We disagree. Indeed, *Buckhannon* explicitly rejected this "mischievous defendant" argument. As a threshold matter, the Court expressed its skepticism that "the 'catalyst theory' is necessary to prevent defendants from unilaterally mooting an action before

---

[1] In its opposition to the attorney's fees motion in the district court, USCIS disputed the assertion that it postponed any action on Hasou's I-526 Petition until it lost its motion to dismiss, noting that it had issued the RFE to Hasou several weeks before the district court's denial of the motion.

judgment in an effort to avoid an award of attorney's fees." 532 U.S. at 608. In doing so, it characterized that assertion as "entirely speculative and unsupported by any empirical evidence." *Id.* Moreover, the Court noted that a "mischievous defendant" may not be able to obtain dismissal on mootness grounds in certain circumstances based on the long-standing doctrine establishing that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice unless it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 609 (internal quotation marks and citation omitted). In any event, the Supreme Court emphasized that "[g]iven the clear meaning of 'prevailing party' in the fee-shifting statutes, [it] need not determine which way these various policy arguments cut," and thereby declined "[t]o disregard the clear legislative language and the holdings of [its] prior cases on the basis of such policy arguments." *Id.* at 610. Therefore, the district court correctly concluded that Hasou's attempt to limit the application of *Buckhannon* and *Ma*, based upon his "mischievous defendant" policy argument, was unavailing.

*   *   *

We have considered Hasou's remaining arguments and conclude that they are without merit. Accordingly, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7