**Obinna MADUKA, Appellant,**

v.

**Doris MEISSNER, Commissioner, Immigration and Naturalization Service, Appellee.**

No. 96–5329.

United States Court of Appeals, District of Columbia Circuit.

June 13, 1997.

Eric H. Holder, Jr., United States Attorney, R. Craig Lawrence and Diane M. Sullivan, Assistant United States Attorneys, Washington, DC, were on the motion for summary affirmance, for appellee.

Margot J. Champagne, Washington, DC, was on the opposition to the motion for summary affirmance, for appellant.

### ON MOTION FOR SUMMARY AFFIRMANCE

Before: WALD, WILLIAMS, and TATEL, Circuit Judges.

Opinion for the Court filed PER CURIAM.

### PER CURIAM.

The Commissioner of the Immigration and Naturalization Service ("INS") has moved for summary affirmance of the district court's denial of Obinna Maduka's petition for attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"). Because the complaint Maduka filed in district court was not the cause of the relief he obtained from the INS, Maduka was not a "prevailing party" within the meaning of EAJA. Accordingly, we grant the motion for summary affirmance.

### I. BACKGROUND

This case stems from Obinna Maduka's efforts to obtain administrative review of a July 28, 1992 INS decision to deny him a visa petition on the ground he had entered into a marriage for the purpose of evading the immigration laws. In December 1993, Maduka's counsel notified the INS she intended to file a district court complaint to compel the agency to take action on Maduka's appeal from that decision. INS Baltimore District Counsel George Maugans discovered that the file had been transferred to the Detroit District Office and then lost. The file was located and forwarded to Maugans in mid-January 1994.

Maugans promised to shepherd the appeal through the administrative review process as expeditiously as possible. Maduka's lawyer indicated she was attempting to obtain additional evidence of the validity of Maduka's marriage, and requested that Maugans not present the file until he received that evidence. Maugans agreed. Counsel submitted the additional evidence on April 5, 1994, and Maugans presented the file to the Assistant District Director, who denied the peti-

tion. On May 16, Maduka filed a complaint in district court seeking an order compelling INS to reverse its denial of his visa petition, or to forward the appeal within ten days to the Administrative Appeals Unit, with instructions that it be decided within ten days. Sometime in mid-May, Maugans forwarded the file to the Administrative Appeals Unit with a request that the appeal be considered on an expedited basis. On June 2, 1994, the visa petition was approved.

The Commissioner moved to dismiss Maduka's complaint as moot. The district court granted the motion except as to Maduka's claim for fees and costs, a claim it ultimately denied on the ground that the filing of the civil complaint had not caused INS to approve the visa application. The district court also held that the government's position was substantially justified and that special circumstances existed making an award of attorney's fees unjust. This appeal followed.

### II. ANALYSIS

Under EAJA, the United States is liable for attorney's fees and costs in civil actions to a "prevailing party ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party has "prevailed" if: (1) the party received a significant part of the relief it sought; and (2) the lawsuit was a catalytic, necessary or substantial factor, see *Tucson Medical Center v. Sullivan*, 947 F.2d 971, 982 (D.C.Cir.1991), in obtaining that result. "[T]he claimant must show that it is more probable than not that the government would not have performed the desired act absent the lawsuit." *Public Citizen Health Research Group v. Young*, 909 F.2d 546, 550 (D.C.Cir.1990).

It is clear Maduka ultimately received the relief he filed his lawsuit to obtain. Maduka has not demonstrated, however, that the lawsuit was a necessary or substantial factor in obtaining that result. Maduka argued in district court that "what Plaintiff could not get done between August 7, 1992 and December 16, 1993, he accomplished seventeen days after filing this lawsuit"—in other words, that his filing of the lawsuit induced INS to act on his appeal. This contention, however, rests squarely

upon the *post hoc ergo propter hoc* fallacy. Although it is true the agency acted on Maduka's appeal soon after he filed his lawsuit, it does not follow that the lawsuit caused that action. *See Public Citizen,* 909 F.2d at 551 ("Although chronology is important in determining causation (citations omitted), it is by no means dispositive...."). In fact, it appears the accelerated pace of events of the spring of 1994 was due to the completion of the file, and the efforts of Maugans, rather than to the filing of the complaint: INS took final action on the visa petition promptly on the submission of the new evidence.[1] Under these circumstances, the district court's finding of lack of causation was not clearly erroneous. *See Public Citizen,* 909 F.2d at 549. Because Maduka was not, therefore, a prevailing party under EAJA, we affirm the denial of attorney's fees.

*So ordered.*

---

1. Moreover, the additional documentation, not the lawsuit, was apparently the chief basis for granting the visa petition.