Sung Hyun SIM, a/b/a Busan Sushi, Plaintiff—Appellant,

and

Duk S. Cha; Seung W. Cha; Yeon J. Cha, Plaintiffs,

v.

Dona COULTICE, California Service Center Director Immigration & Naturalization Service, Defendant—Appellee.

No. 01–56716.

D.C. No. CV–98–01038–GLT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 2002.

Decided Aug. 14, 2002.

Before REINHARDT, LEAVY and TROTT, Circuit Judges.

MEMORANDUM *

Plaintiffs appeal the district court's denial of their motion for attorneys fees under the Equal Access to Justice Act, 28 U.S.C. § 1242(d)(1)(A) ("EAJA"). Because we agree with the district court that plaintiffs are not "prevailing parties" under the EAJA, they are not entitled to recover attorney's fees. Therefore, we affirm the district court's decision.

In order to be a "prevailing party" within the meaning of the EAJA, the plaintiff must "enter[ ] into a legally enforceable settlement agreement against the defendant" in which the "actual relief [obtained] on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir.2002) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)). Here, there was no material alteration in the legal relationship between the parties achieved by any such agreement or order because it was the INS's independent decision to approve the second I–140 petition that precipitated the stipulated dismissal and resulting Ninth Circuit order, and neither the dismissal nor the order incorporated its terms or compelled compliance

with them. This case is similar to *Perez–Arellano v. Smith*, 279 F.3d 791, 795 (9th Cir.2002), in which we held that the plaintiff was not a "prevailing party" under the EAJA, because his success resulted from the INS's voluntary decision to grant his second application for naturalization rather than from any legally enforceable decision. *See also Maduka v. Meissner*, 114 F.3d 1240, 1241–42 (D.C.Cir.1997) (per curiam) (holding that an alien was not a "prevailing party" in a case in which he unsuccessfully petitioned for a visa, then filed an action in district court, and his petition was approved by the INS before the district court had issued a decision, because "the lawsuit was not a necessary or substantial factor in obtaining that result"). For substantially the same reasons, we hold that the plaintiffs in this case are not prevailing parties.

Moreover, plaintiffs' argument that they are entitled to prevailing party status under a "catalyst theory" has been foreclosed by the Supreme Court's decision in *Buckhannon Board & Care Home v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 604–05, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). *See also Perez–Arellano*, 279 F.3d at 794 (holding that *Buckhannon* applies to a motion for attorney's fees under the EAJA); *Barrios*, 277 F.3d at 1134 n. 5 (noting that, "[i]n light of *Buckhannon*, this court too has rejected the 'catalyst theory'"); *Bennett v. Yoshina*, 259 F.3d 1097, 1099 (9th Cir. 2001) (same). Because plaintiffs are not entitled to "prevailing party" status, they may not recover attorney's fees under the EAJA, 28 U.S.C. § 1242(d)(1)(A).

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.