Lary **FEEZOR**, Plaintiff,

v.

Carolina **LOPEZ DE–JESUS** dba 7–Eleven # 13570; 7–Eleven Inc.; Adel Yalda; and Does 1 through 10, Defendants.

No. 04CV1954 JAH(NLS).

United States District Court, S.D. California.

May 2, 2006.

Lynn Hubbard, III, Scottlynn J. Hubbard, IV, Law Offices of Lynn Hubbard III, Chico, CA, for Plaintiff.

Julie Rae Trotter, Call Jensen and Ferrell, Newport Beach, CA, for Defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS [DOC. # 77]

HOUSTON, District Judge.

### INTRODUCTION

Now before the Court is the motion for attorney's fees and costs filed by defendants Carolina Lopez De–Jesus dba 7–Eleven # 13570, 7–Eleven, Inc. and Adel Yalda (collectively "defendants"). The motion has been fully briefed by the parties. After a thorough review of the pleadings, relevant exhibits submitted by both parties, and for the reasons set forth below, this Court DENIES defendants' motion.

### BACKGROUND

On September 27, 2004, plaintiff Larry Feezor ("plaintiff") filed a complaint seeking damages and injunctive relief based on allegations that his civil rights were violated due to discrimination against him at 7–Eleven # 13570 ("the Store") owned by defendants. On June 8, 2005, this Court denied defendants' motion to dismiss and granted in part defendants' motion to strike, allowing plaintiff the opportunity to file an amended complaint. Plaintiff filed his first amended complaint on June 20, 2005. The parties each subsequently filed motions for summary judgment. This Court, on December 23, 2005, granted defendants' motion for summary judgment and denied plaintiff's motion, entering judgment in favor of defendants.

Defendants filed the instant motion, seeking attorney's fees and costs as the prevailing party in this litigation, on January 6, 2006. Plaintiff filed his opposition to defendants' motion on February 2, 2006, and defendants' reply brief was filed on February 9, 2006.[1] The matter was taken

---

1. Plaintiff, on February 14, 2006, filed an *ex parte* application seeking to strike defendants' reply brief on the grounds that it was untimely served and contains issues and argument beyond that addressed in their motion papers. *See* Doc. # 89. Although this Court consid-

under submission without oral argument on February 13, 2006. *See* CivLR 7.1(d.1).

## DISCUSSION

### 1. Legal Standard

■ The instant complaint was filed pursuant to the Americans with Disabilities Act ("the ADA"), which states that "the court in its discretion, may allow the prevailing party ... a reasonable attorney's fee, including litigation expenses and costs." 42 U.S.C. § 12205. Attorney's fees and costs may only be awarded where the court has entered judgment on the merits of the litigation, creating "a material alteration of the legal relationship ... necessary to permit an award of attorney's fees." *Buckhannon v. West Virginia Dep't of Health*, 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001); *see also Perez–Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir.2002). A grant of summary judgment based on lack of standing is not a judgment on the merits. *Molski v. Mandarin Touch Restaurant*, 2005 WL 3719631 *1 (C.D.Cal.)(citing *Pilkington PLC v. Perelman*, 72 F.3d 1396, 1397 (9th Cir.1995)).

### 2. Analysis

Defendants contend they are entitled to an award of attorney's fees and costs in this case. *See* Mot. at 12–14. Plaintiff opposes the motion on the grounds that defendant cannot be considered a "prevailing party" for purposes of awarding fees and costs because Court dismissed the case based on lack of standing and, thus, there was no ruling on the merits of plaintiff's claims.[2] *See* Opp. at 3–4.

ered the arguments presented in reply, because this Court ultimately denies defendants' motion, plaintiff's application is moot. Accordingly, plaintiff's *ex parte* application to strike defendants' reply brief is **DENIED**.

Defendants, in reply, contend that, notwithstanding the lack of judgment on the merits, this Court may still award attorney's fees and costs under the ADA. Reply at 7. Defendants cite to an ADA case from the Eastern District of Tennessee in which the court awarded attorney's fees and costs to defendant after granting summary judgment based on lack of standing, claiming the facts are strikingly similar to the facts here. *Id.* (citing *Access Now, Inc. v. Town of Jasper*, 2004 WL 1873734 *4 (E.D.Tenn.)). Apparently, defendants concede that they are not prevailing parties in this litigation, but instead contend that attorney's fees and costs may, nevertheless, be awarded in this case.

■ This Court disagrees with defendants. In the Ninth Circuit, summary judgment on standing grounds is not considered a judgment on the merits entitling defendants to an award of attorney's fees and costs as prevailing parties under the ADA. *See Molski v. Mandarin Touch Restaurant*, 2005 WL 3719631 at *1 (C.D.Cal. Dec. 9, 2005); *Pilkington*, 72 F.3d at 1397. Defendants present only out-of-district authority to support their contention that fees and costs may still be awarded without entry of a judgment on the merits. *See* Reply at 7. This Court finds defendants' authority provides little support here.

■ In the *Access Now* case cited by defendants, the court reasoned that attorney's fees and costs were warranted even though the merits of the claim were not adjudicated because "it should have been obvious to an objectively reasonable litigant in the same position as Access Now that the plaintiffs clearly lacked standing"

2. Because this Court denies defendants' motion on the grounds that defendants are not prevailing parties in this case, this Court does not address plaintiff's remaining arguments presented in opposition.

**1112**

and yet still "chose to vigorously oppose the defendant's ... motion" as well as "unreasonably persisted in litigating and pursuing [the claim] right up to the eve of trial." *Id.* Here, in opposing summary judgment, plaintiff unsuccessfully sought to repair damage done at his deposition by seeking to correct his deposition testimony on the grounds that "he felt humiliated by counsel's line of questioning and became confused as to the question. " Doc. # 75 at 9. In this Court's view, plaintiff did not act unreasonably in opposing summary judgment because it was not "obvious to an objectively reasonable litigant" that this Court would not allow plaintiff to correct his deposition testimony. Therefore, because plaintiff's actions were reasonable, this Court finds no reason to deviate from the rule that only prevailing parties may be awarded attorney's fees and costs. Accordingly, since defendants are not the prevailing parties in this case, they are not entitled to an award of attorney's fees and costs under the ADA.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that defendants' motion for attorneys fees and costs is DENIED.