Kevin ELLIOTT, Plaintiff,

v.

U.S. DEP'T OF STATE and John Kerry, Sec'y of State, Defendants.

No. 14–cv–8738 RJS.

United States District Court, S.D. New York.

Signed July 23, 2015.

James A. O'Malley, James A. O'Malley, P.C., New York, NY, for Plaintiff.

Kirti Vaidya Reddy, New York, NY, for Defendants.

## ORDER

RICHARD J. SULLIVAN, District Judge:

On November 3, 2014, Plaintiff commenced this action, seeking a judgment declaring that he is a citizen and national of the United States and an order compelling Defendants to adjudicate his application for a U.S. passport. (Doc. No. 2 ("Compl.").) On April 23, 2015, the Court dismissed this case as moot after Plaintiff obtained his requested relief. (Doc. No. 16.) Now before the Court is Plaintiff's motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. No. 17.) For the reasons set forth below, the Court denies Plaintiff's motion.

### I. BACKGROUND

On February 16, 2014, Plaintiff unsuccessfully applied for a United States passport at the New York Passport Agency. (Compl. ¶ 17–19.) Plaintiff alleges that the New York Passport Agency officers denied his application because he "failed to present a certificate of citizenship and failed to establish eligibility for a U.S. passport." (Compl. ¶ 19.) Thereafter, on November 3, 2014, Plaintiff filed suit against Defendant, requesting, *inter alia*, that the Court "issue a judgment declaring that Plaintiff is a citizen and national of the United States" and "issue an order compelling Defendant to adjudicate Plaintiff's application for [a] U.S. passport." (Compl. ¶ 24.)

On January 6, 2015, the parties submitted a joint letter in which Defendants stated their intention to move to dismiss the Complaint for lack of subject matter jurisdiction because "Plaintiff has not properly filed the application for which he seeks to compel adjudication" and Defendants "ha[ve] not issued a final decision on the issue." (Doc. No. 9 at 3.) The Court held an initial conference on January 9, 2015, at which the parties discussed their respective positions and agreed to attempt to resolve the matter without the Court's intervention. To this end, on January 14, 2015, the parties jointly submitted a stipulation and proposed order that provided that "[t]his matter shall be held in abeyance until April 12, 2015" so that Plaintiff could once again apply for a United States passport and Defendant could adjudicate it. (Doc. No. 12.) The Court "so ordered" the stipulation on January 15, 2015 without altering any of its language or expressly retaining jurisdiction to enforce the provisions of the stipulation. (*Id.*) By agreeing to hold the matter in abeyance, the Court also reserved on determining whether it has subject matter jurisdiction over this action. On March 31, 2015, Defendants adjudicated Plaintiff's passport application and issued him a United States passport. On April 23, 2015, the Court dismissed the case as moot because "Defendants ha[d] granted Plaintiff his requested relief pursuant to a joint stipulation between the parties," and set forth a briefing schedule for the instant motion for EAJA fees. (Doc. No. 16.)

### II. DISCUSSION

█ Pursuant to the EAJA, "a court shall award to a prevailing party . . . fees

and other expenses, in addition to any costs awarded . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action." 28 U.S.C. § 2412(d)(1)(A). Thus, there are two prerequisites to awarding EAJA fees: (1) that the "court ha[s] jurisdiction," *Henry v. Quarantillo*, 684 F.Supp.2d 298, 302 (E.D.N.Y.2010), and (2) that the party seeking fees was a "prevailing party" in the underlying action, *Ma v. Chertoff*, 547 F.3d 342, 343 (2d Cir.2008). The Court will address each in turn.

### A. Jurisdiction

■ Here, Defendants contemplated moving to dismiss this action for lack of subject matter jurisdiction because "Plaintiff ha[d] not properly filed the application for which he seeks to compel adjudication" and Defendants "ha[ve] not issued a final decision on the issue." (Doc. No. 9 at 3.) The Court never determined whether it has subject matter jurisdiction over this action because shortly after the initial conference, the parties requested that the case be held in abeyance, and during that time, Plaintiff obtained the relief he sought. Now that Plaintiff seeks EAJA fees, the Court must decide whether it in fact has subject matter jurisdiction, since a federal district court must have jurisdiction over an action before awarding attorneys' fees and costs under the EAJA. *Henry*, 684 F.Supp.2d at 302.

■ Plaintiff brought this action pursuant to 8 U.S.C. § 1503(a), which provides that "[i]f any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege . . . upon the ground that he is not a national of the United States, such person may institute an action . . . for a judgment declaring him to be a national of the United States." 8

U.S.C. § 1503(a). Such an action "may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court . . . in which such person resides . . . and jurisdiction over such officials in such cases is conferred upon those courts." *Id.* Therefore, upon a showing that a plaintiff (1) "claims a right or privilege as a national of the United States," and (2) had that right or privilege unlawfully denied by final administrative action, a federal district court can declare plaintiff to be a national of the United States. *Vilardell v. U.S. Citizenship and Immigration*, No. 11-cv5765 (CM), 2013 WL 749508, at *2 (S.D.N.Y. Feb. 28, 2013); *Henry*, 684 F.Supp.2d at 302. The "final administrative denial" of a passport application on the basis of non-citizenship is a denial of a "right or privilege as a national of the United States" that may give rise to a claim under Section 1503(a). *See Abimbola v. Clinton*, 2012 WL 5420349, at *2 (D.Md. Nov. 6, 2012); *Acosta v. United States*, 2014 WL 2216105, at *4 (W.D.Wash. May 29, 2014).

As it turns out, the Court does not have jurisdiction here since Plaintiff has failed to allege Defendants rendered a "final administrative denial" of his passport application. Plaintiff alleges that the reason his passport application was denied was that he "failed to present a certificate of citizenship and failed to establish eligibility for a U.S. passport." (Compl. ¶ 19.) Significantly, Plaintiff does *not* allege that Defendants determined he was not a national, or that he was ineligible to *ever* obtain a passport. From the face of the Complaint, it seems that Defendants merely denied Plaintiffs application because they concluded that he lacked the proper paperwork to obtain a passport *at that time*. In essence, Plaintiff was no different from a natural-born citizen whose passport application is denied because he

failed to include his birth certificate with his application. In each case, denial was premised on the lack of supporting documentation, not a finding that the applicant was "not a national of the United States." 8 U.S.C. § 1503(a). And in each case, the applicant was free—in fact, encouraged—to make a subsequent application for a passport. In this regard, it can hardly be argued that the denial was "final." Therefore, unlike the plaintiffs in *Abimbola* and *Acosta,* Defendants here never concluded that Plaintiff was a nonnational, nor did they make a "final administrative denial" of Plaintiff's passport application. Accordingly, the Court finds that it lacks subject matter jurisdiction over this action.

### B. Prevailing Party

■ Even if Plaintiff could establish that the Court has jurisdiction over this matter, Plaintiff nonetheless has also failed to demonstrate that he was the "prevailing party" in this action. The Supreme Court has held that "a party is not a prevailing party simply because be achieves the desired result of the lawsuit." *McKay v. Barnhart,* 327 F.Supp.2d 263, 267 (S.D.N.Y.2004) (citing *Buckhannon Board & Care Home. Inc. v. W.Va. Dep't of Health & Human Res.,* 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)). For example, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur*" to qualify as a victory so as to make the plaintiff the "prevailing party." *Buckhannon,* 532 U.S. at 605, 121 S.Ct. 1835. Rather, after *Buckhannon,* a "prevailing party" must "achieve some material alteration of the legal relationship of the parties" that is "judicially sanctioned." *Roberson v. Giuliani,* 346 F.3d 75, 79 (2d Cir.2003). Two examples of relief that carry sufficient "judicial *imprimatur*" to make the plaintiff the "prevailing party" are "judgments on the merits and settlement agreements that are enforced

through court-ordered consent decrees." *Id.* at 80. While *Buckhannon* did not explicitly concern the EAJA, the Second Circuit has held that its definition of "prevailing party" applies to fee requests under the EAJA. *Ma,* 547 F.3d at 344.

■ Here, Defendants voluntarily gave Plaintiff the relief he sought. Plaintiff's Complaint sought "an order compelling Defendant to adjudicate Plaintiffs application for [a] U.S. passport," which is exactly what Defendants did without the Court directing them to do so. The Court simply "so ordered" a joint stipulation from the parties that provided that "[t]his matter shall be held in abeyance" so that Plaintiff could once again apply for a United States passport and Defendant could adjudicate it. (Doc. No. 12.) Thereafter, Defendants adjudicated Plaintiff's passport application and issued him a United States passport, prompting the Court to dismiss the case as moot. The Court never "judicially sanctioned" any "alteration of the legal relationship of the parties," let alone a "material" one. *Roberson,* 346 F.3d at 79. The mere endorsement of a stipulation that does not expressly retain jurisdiction to enforce the provisions of the parties' private agreement does not carry sufficient "judicial *imprimatur*" to permit the award of EAJA fees. *See Torres v. Walker,* 356 F.3d 238, 244 (2d Cir.2004).

Indeed, in a similar case, the Ninth Circuit held that the plaintiff was not entitled to EAJA fees despite obtaining the relief he sought from the INS—approval of his naturalization application—because he was not the "prevailing party." *Perez–Arellano v. Smith,* 279 F.3d 791, 795 (9th Cir. 2002). In *Perez–Arellano,* the plaintiff filed suit in federal district court after the INS denied his application for naturalization. *Id.* at 792. At some point after that, the parties submitted a joint status report, proposing that the case be held in

abeyance pending private discussions, which the district court did. *Id.* at 793. During the time in which the case was held in abeyance, Plaintiff resubmitted his application and INS granted it, leading the district court to dismiss the case. *Id.* at 795. The Ninth Circuit held that "Perez–Arellano unmistakably did not gain a change in his legal relationship with the INS by judgment or consent decree," and accordingly did not qualify as a "prevailing party" for purposes of EAJA fees. *Id.* Plaintiff, like Perez–Arellano, achieved his desired relief through the voluntary decision of Defendants. Therefore, like Perez–Arellano, Plaintiff is not a prevailing party and is not entitled to EAJA fees.

### III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT Plaintiffs request for attorney's fees is denied. The Clerk of the Court is respectfully directed to terminate the motion pending at docket entry 17.

SO ORDERED.