**IN RE: The Search of: ARES ARMOR, 206/208 N. FREEMAN ST., OCEANSIDE; et al.,**

**Lycurgan, Inc., DBA Ares Armor, Petitioner-Appellant,**

v.

**Bureau of Alcohol, Tobacco, Firearms and Explosives, Respondent-Appellee.**

**No. 14-56550**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2017 Pasadena, California

Filed April 19, 2017

Scott A. McMillan, Michelle D. Volk, The McMillan Law Firm, A.P.C., La Mesa, CA, for Petitioner-Appellant

Helen H. Hong, Assistant U.S. Attorney, Daniel Earl Zipp, Assistant U.S. Attorney, Office of the US Attorney, San Diego, CA, for Respondent-Appellee

Before: M. SMITH and N.R. SMITH, Circuit Judges, and FEINERMAN, District Judge.*

## MEMORANDUM **

In March 2014, Respondent-Appellee Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) executed a search warrant on the premises of Petitioner-Appellant Lycurgan, Inc. (Lycurgan). Lycurgan now appeals from the district court's or-

---

* The Honorable Gary Feinerman, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ders denying as moot Lycurgan's motion to unseal the search warrant affidavit and denying Lycurgan's request for attorney's fees under the Equal Access to Justice Act (EAJA). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ 1. The district court did not err in dismissing as moot Lycurgan's initial motion to unseal the search warrant documents. "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." See *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) (quotation marks omitted). Rather than requesting *both* an entirely disclosed version of the warrant documents, *and* a redacted version, Lycurgan expressly requested these forms of relief as *alternatives*. Therefore, when the ATF subsequently provided the requested documents, with only the agents' names redacted, Lycurgan received exactly the relief it sought. See *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984) (holding plaintiff's request for injunctive relief moot, where plaintiff received the desired relief prior to court order); *Chrisman v. Sisters of St. Joseph of Peace*, 506 F.2d 308, 315 (9th Cir. 1974) (same).

■ 2. Moreover, the district court did not err in rejecting Lycurgan's arguments (in its Rule 59(a) Motion for New Trial or Further Action on the Judgment) regarding exceptions to mootness. Lycurgan first contends that the motion to unseal is not moot because the ATF''s practice of subjecting businesses to unconstitutional searches based on sealed affidavits is "capable of repetition, yet evading review." *Feldman*, 518 F.3d at 644 (quotation marks omitted). This argument fails because Lycurgan cannot show a reasonable probability that it will personally be subject to such a search in the future. *See Sample v. Johnson*, 771 F.2d 1335, 1339 (9th Cir. 1985) (stating that the exception applies "only in exceptional · situations" where a plaintiff can demonstrate that "*he* will again be subject to the same injury"). In addition, the "voluntary cessation" exception does not apply. Having unsealed the affidavit, the relevant question is whether the ATF will elect to seal that precise affidavit once again in the future. On that score, it is "absolutely clear" that the ATF will not because the content is already public. *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (quoting *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000)).

■ 3. The district court did not abuse its discretion by denying (under Lycurgan's motion for further action on the judgment) the request to unseal the names of the ATF agents contained in the search warrant affidavit. *See United States v. Shryock*, 342 F.3d 948, 983 (9th Cir. 2003) ("[W]e review for an abuse of discretion the district court's decision to retain filings under seal."). To start, Lycurgan contends that it has a pre-indictment Fourth Amendment right to examine the search warrant affidavit, even if it was filed under seal. We need not decide that issue because, assuming the right exists, Lycurgan concedes that it would be qualified, and the ATF met its burden to show a compelling governmental interest in keeping the names of the agents under seal.

The record reflects that (1) Lycurgan employees created a life-size cardboard cutout of the lead ATF agent and mounted it at the store; (2) the full names of the ATF agents, prosecutor, and judge appeared temporarily on various websites, some of which implied or encouraged violence against the government; and (3) Lycurgan employees ordered a pizza and sent it to an ATF agent who had participated in the search. In light of this evidence, the

district court did not abuse its discretion in recognizing a compelling interest in protecting the "safety and privacy" of the agents. *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc) (holding that a district court abuses its discretion only if its decision is illogical, implausible, or factually unsupported). Further, there was no less restrictive means available to safeguard that interest given that the names were the only words in the affidavit that remained under seal. *See United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1194, 1195 n.5 (9th Cir. 2011) (noting that, even where there is a right of access to warrant materials, "courts have recognized several concerns that may call for redaction").

■ 4. The district court did not abuse its discretion by denying Lycurgan's motion for attorney's fees under the EAJA. First, Lycurgan was not a "prevailing party." 28 U.S.C. § 2412(d)(1)(A). "[A] 'prevailing party' under the EAJA must be one who has gained by judgment or consent decree a 'material alteration of the legal relationship of the parties.'" *Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002) (quoting *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)). Here, Lycurgan did not obtain either a judgment on the merits or a favorable consent decree. It therefore cannot be considered a "prevailing party" for purposes of the EAJA.

Second, the government's position was "substantially justified" because it had a "reasonable basis both in law and fact." *See Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (quoting *Meier v. Colvin*,

727 F.3d 867, 870 (9th Cir. 2013)); 28 U.S.C. § 2412(d)(1)(A). As to the former, the lone circuit court to consider whether there is a pre-indictment Fourth Amendment right to access a sealed search warrant affidavit concluded that there is not. *See In re EyeCare Physicians of Am.*, 100 F.3d 514, 517 (7th Cir. 1996). Moreover, we held in a related context that the First Amendment does not require that a search warrant affidavit be unsealed prior to the issuance of an indictment. *See Times Mirror Co. v. United States*, 873 F.2d 1210, 1221 (9th Cir. 1989). As to the latter, the government was factually justified in temporarily sealing the affidavit because there was an ongoing criminal investigation. It also appropriately sealed the names of the ATF agents because the agents plausibly feared retaliation.

**AFFIRMED.**