ROSLYNN R. MAUSKOPF, United States District Judge
Sheila Mahon brings this action, styled as a "complaint for mandamus," seeking to compel the Government to take action on her immigration petition. Mahon also asks the Court to rule, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that her permanent resident status was lawfully obtained. In addition, Mahon asks the Court to vacate the denial of her application for naturalization. She also seeks attorney's fees pursuant to 28 U.S.C. § 2412. The defendants move to dismiss on the grounds that the Court lacks subject matter jurisdiction. (Def. Mot. (Doc. No. 31).) Mahon opposes the motion (Pl. Opp. (Doc. No. 33) ) and defendants have replied (Def. Reply (Doc. No. 34) ). For the reasons that follow, the Court grants defendants' motion to dismiss.
BACKGROUND
Mahon, who is a citizen of Trinidad and Tobago, entered the United States on or about December 23, 1990. Her father, a U.S. citizen, filed a Form I-130 Petition for Alien Relative on her behalf, based on the classification of Mahon as an unmarried daughter of a U.S. citizen. (Compl. (Doc. No. 1) ¶¶ 14-16.) That petition was approved in May 1999. (Id. ¶ 17.) Mahon filed for an adjustment of status to become a lawful permanent resident on March 24, 2000. (Id. ¶ 19.) Mahon then got married to a U.S. citizen on April 29, 2001. (Id. ¶ 22.) Because she was married, Mahon was no longer eligible to adjust her status as an unmarried daughter of a U.S. citizen. The United States Citizenship and Immigration Services ("USCIS") did not realize Mahon had gotten married, however, and adjusted her status to lawful permanent resident in *323 December 2003. (Id. ¶ 23.) Mahon then filed an N-400 application for naturalization, which was approved in July 2011. (Id. ¶ 25.) Her naturalization application was subsequently denied, however, because USCIS realized that she obtained her lawful permanent resident status not in accordance with all applicable provisions of the immigration laws. (Id. ¶ 26.)
Mahon's husband, who is a U.S. citizen, filed a Petition for Alien Relative on Mahon's behalf in April 2014. (Id. ¶ 28.) Mahon then filed an adjustment application, seeking to readjust her lawful permanent resident status through this avenue in an attempt to correct the defect in her previous application. (Id. ) In September 2014, the Petition for Alien Relative was approved, which did not it itself grant any immigration status. (Id. ¶ 29; DHS Ltr. (Doc. No. 1-12).) In October 2014, USCIS denied Mahon's second adjustment application on the grounds that she is already a lawful permanent resident. (Compl. ¶ 30; USCIS Denial Ltr. (Doc. No. 1-13).)
Mahon then filed her complaint in this Court on September 2, 2016. About two months later, on October 29, 2016, USCIS issued Mahon a "Notice to Appear" before an Immigration Judge. (Gov't Ex. A (Doc. No. 32) at 15.) Mahon was placed in removal proceedings because she was not entitled to her lawful permanent resident status at the time of her adjustment of status in 2003. (Def. Mem. at 15-17.)
STANDARD OF REVIEW
A district court must dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." Cortlandt St. Recovery Corp v. Hellas Telecomms., S.A.R.L. , 790 F.3d 411, 418 (2d Cir. 2015) (quoting Makarova v. United States , 201 F.3d 110, 113 (2d Cir. 2000) ). The plaintiff bears the burden of proving that subject matter jurisdiction exists, and in determining whether the plaintiff has met that burden, "[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff." Morrison v. Nat'l Austl. Bank Ltd. , 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted), aff'd , 561 U.S. 247, 130 S.Ct. 2869, 177 L.Ed.2d 535 (2010). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Id.
DISCUSSION
I. Mandamus Action
Styling her petition as a "complaint for mandamus," Mahon states that the "lawsuit arises from a failure of the defendant to adjudicate the plaintiff's application to adjust status on its merits" and asks the Court to order the defendants to adjudicate Mahon's second application. (Compl. ¶¶ 2, 13.) The defendants respond that this claim is moot. The Court agrees.
The case or controversy requirement of Article III precludes litigation over claims that are moot. Fox v. Bd. of Trustees of State Univ. of N.Y. , 42 F.3d 135, 139 (2d Cir. 1994). When a plaintiff asks a court to compel a federal official to act, and the federal official has already performed that act, the claim is moot, and, therefore, the court lacks subject matter jurisdiction. Barrett v. United States , 105 F.3d 793, 794 (2d Cir. 1996). Here, Mahon seeks to compel USCIS to adjudicate her adjustment application. However, USCIS already did so on October 1, 2014 when it denied her second application. (Compl. ¶ 30.) The Court cannot mandate USCIS to adjudicate an application that it has already adjudicated. See *324 Aizah v. Holder , No. 12-CV-6020 (BMC), 2013 WL 1282345, at *1 (E.D.N.Y. Mar. 28, 2013) (finding an action for a writ of mandamus moot where USCIS had already adjudicated the plaintiff's I-130 petition). Accordingly, this claim is moot.
II. Declaratory and Injunctive Relief
Mahon asks the Court to vacate the denial of her application for lawful permanent resident status. (Compl. at 12.) She also asks the Court to declare that the approval of Mahon's application for permanent resident status in 2003 "is void ab initio" and that Mahon's "denied application for permanent resident status is entitled to a nunc pro tunc decision on its merits." (Id. ) Without any citations to supporting case law, Mahon claims that USCIS should have corrected her application to reflect that she was a married daughter of a U.S. citizen-as opposed to an unmarried one-and suggests that USCIS had an obligation to send her a Request For Evidence. (Pl. Mem. (Doc. No. 33) at 10.) In light of these alleged mistakes, Mahon urges the Court to vacate the denial of her second adjustment application. The defendants respond that the Court does not have subject matter jurisdiction to review USCIS's denial because Mahon has not exhausted her administrative remedies available in removal proceedings. The Court agrees with the defendants.
Under 8 U.S.C. § 1255, the status of an alien admitted into the United States "may be adjusted ... to that of an alien lawfully admitted for permanent residence." If an alien's application is denied, then "[n]o appeal lies from the denial of an application ... but the applicant retains the right to renew his or her application in [removal] proceedings." 8 C.F.R. § 245.2(a)(5)(ii). Under the doctrine of exhaustion of remedies, "a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself." Howell v. Immigration and Naturalizations Serv. , 72 F.3d 288, 291 (2d Cir. 1995) (internal quotation marks omitted). "If a party fails to exhaust administrative remedies, then the court may dismiss the action because subject matter jurisdiction does not exist." Id. Nonetheless, there are exceptions. "Exhaustion of administrative remedies may not be required when: (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." Id. (internal quotation marks omitted).
In Howell , the Second Circuit held that once removal proceedings begin, the district court does not have jurisdiction to review an agency's decision, denying an alien's application for adjustment of status, because the alien "has the opportunity, pursuant to the regulations, to renew her application for adjustment of status before an immigration judge." Id. at 293 ; see also Blaszczyk v. U.S. Dep't of Homeland Sec. , No. 09-CV-5212 (JG), 2010 WL 1038690, at *2 (E.D.N.Y. Mar. 21, 2010) (finding that the court lacked jurisdiction to reopen plaintiffs' adjustment of status application). This remains true even if the removal proceedings begin after the plaintiff files her complaint, as is the case here. In Howell , for instance, the applicant was placed in removal proceedings while her case was pending before the Second Circuit.
Here, Mahon has failed to exhaust her administrative remedies, and, therefore, the Court does not have jurisdiction. As was the case in Howell , Mahon has the opportunity to renew her application before the Immigration Judge in removal proceedings. Moreover, none of the *325 exceptions to the administrative exhaustion requirement applies here. Mahon cannot claim that she lacks a genuine opportunity for adequate relief because she may renew her application for adjustment of status during the removal proceedings. Howell , 72 F.3d at 293. Requiring Mahon to renew her application before the Immigration Judge, instead of permitting immediate review at the district court, will not cause irreparable injury. Id. The administrative process will not be futile, "since if the immigration judge approves [Mahon's] application for adjustment of status at the [removal] proceedings, she will have had an adequate remedy." Id. Finally, Mahon has not raised any "substantial constitutional question that would warrant an exception to the exhaustion requirement." Id. She states in her complaint that the denial of her lawful permanent resident status application deprived her of her Fifth Amendment rights. (Compl. ¶ 42.) However, she does not explain how, and her reply to the defendants' motion to dismiss does not even mention this alleged constitutional violation. Merely asserting a constitutional violation, without more, does not exempt Mahon from exhausting her administrative remedies.[2]
In her response to the defendants' request for a pre-motion conference, Mahon suggests that Howell does not apply. (Pl. Ltr. (Doc. No. 26) at 3.) She notes that Howell's application was denied on evidentiary grounds, whereas USCIS denied Mahon's application based on its interpretation of the relevant statute. Regardless of the basis for USCIS' decision, however, Mahon has not exhausted her administrative remedies, and, as a result, the Court does not have subject matter jurisdiction. See, e.g., Blaszczyk , 2010 WL 1038690, at *1 (E.D.N.Y. Mar. 21, 2010) (finding that plaintiffs, who challenged USCIS' interpretation of the applicable statute, must exhaust the administrative remedies available to them in removal proceedings before seeking judicial review). The Court therefore cannot consider or vacate USCIS's determination.
III. Attorney's Fees
Mahon seeks attorney's fees pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act (the "Act"). The Act reads in relevant part:
[A] court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of an agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
28 U.S.C. § 2412(d)(1)(A). In other words, there are two prerequisites to awarding fees under the Act: (1) the Court has jurisdiction; and (2) the party seeking fees is a prevailing party.
*326 Elliott v. U.S. Dep't of State , 122 F.Supp.3d 39, 42 (S.D.N.Y. 2015). Here, the Court does not have jurisdiction, and Mahon is not a prevailing party. Accordingly, Mahon's request for attorney's fees is denied.
CONCLUSION
For the reasons stated above, the defendants' motion to dismiss (Doc. No. 31) is granted.
SO ORDERED.

In addition, several district courts in this Circuit have found that there is "no Fifth Amendment due process claim on adjustment proceedings or other analogous discretionary benefit hearings." Gadria v. Gantner , No. 05-CV-6621 (NRB), 2008 WL 650369, at *4 (S.D.N.Y. Mar. 6, 2008) ; Zhao v. Chertoff , No. 07-CV-4576 (DLI) (JMA), 2009 WL 700709, at *3 (E.D.N.Y. Mar. 15, 2009). Because adjustment of status is a purely discretionary form of relief, a claimant has no constitutionally protected liberty or property interest in the proceedings' outcome. Wallace v. Gonzales , 463 F.3d 135, 137 (2d Cir. 2006) ("Adjustment of status is a matter of grace, not of right, and the evaluation of such applications is left to the discretion of the Attorney General.") Numerous circuit courts, including the Eleventh, Fifth, Seventh and Fourth Circuits, have all held similarly. See Gadria , 2008 WL 650369, at *4 (collecting cases). The Second Circuit has not addressed the issue.