NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 9 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LA LOMA GRANDE, LLC, an Arizona
limited liability company,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No.   17-15870

D.C. No. 4:11-cv-00476-RM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Argued and Submitted October 18, 2018
San Francisco, California

Before:  M. SMITH and HURWITZ, Circuit Judges, and EATON,[**] Judge.

La Loma Grande, LLC ("LLG"), obtained a judgment against the United

States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* for

the negligent contamination of real property in Nogales, Arizona.  LLG then sought

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      Richard K. Eaton, Judge of the United States Court of International
Trade, sitting by designation.

attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b), (d)(1)(A). The district court denied LLG's application for attorneys' fees and awarded costs in an amount lower than LLG sought. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

1. The district court correctly held that LLG was not a "prevailing party" under § 2412(d)(1)(A) as to the Government's conditional counterclaim to LLG's claims under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607, or as to the Government's affirmative defenses in the FTCA action of prescriptive easement and implied consent.

a. LLG's CERCLA claim was dismissed on summary judgment because it had incurred no recovery costs. The Government's conditional counterclaim for declaratory relief apportioning future recovery costs then became nonviable as a matter of law. *City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1008 (9th Cir. 2010). Therefore, LLG cannot be said to have "gained by judgment . . . a 'material alteration of the legal relationship of the parties.'" *Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002).

b. The affirmative defenses were raised in the FTCA action, which arose out of tort, and therefore could not be the subject of a fee award under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A). Prevailing on a tort claim necessarily means that the plaintiff has defeated any applicable affirmative defenses, and the prohibition in

2

§ 2412(d)(1)(A) against EAJA awards in "cases sounding in tort" necessarily extends to fees incurred in defeating affirmative defenses in such actions.

3. The district court did not abuse its discretion by denying LLG's claim under 28 U.S.C. § 2412(b) because LLG failed to establish that the Government "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Rodriguez v. United States*, 542 F.3d 704, 709 (9th Cir. 2008). For the reasons stated in its order, the district court also did not abuse its discretion in the EAJA costs award.

**AFFIRMED.**